### FRANK BIERMAN v. THE STATE.

#### No. 3033.   Decided February 25, 1914.

#### Rehearing denied March 18, 1914.

**1.—Local Option—Suspended Sentence—Sentence—Appeal.**

Where, upon appeal from a conviction of a violation of the local option law, it appeared from the record that the jury recommended a suspension of sentence, whereupon, the court ordered that sentence of the judgment of conviction be suspended during the good behavior of the defendant, the right of appeal did not attach, as no final sentence was pronounced, and the appeal must be dismissed without prejudice.

**2.—Same—Statutes Construed.**

Under the Suspended Sentence Law neither the verdict of conviction nor the judgment entered thereon shall become final except under the conditions provided in said law, and a suspension of sentence during good behavior is not a final judgment from which an appeal can be taken.

Appeal from the District Court of Brooks.   Tried below before the Hon. C. F. Spencer.

Appeal from a conviction of a violation of the local option law; penalty, one year imprisonment in the penitentiary and suspension of sentence.

The opinion states the case.

*Culp & Culp* and *W. O. Davis,* for appellant.—On question of final judgment:   Gaston v. Boyd, 52 Texas, 282; Winthrop Iron Co. v. Meeker, 109 U. S., 180; French v. Shoemaker, 12 Wall., 86; Brown v. Van Cleave, 6 S. W. Rep., 25; Arnold v. Sinclair, 28 Am. St., 489; 33 Cyc., 672.

*C. E. Lane,* Assistant Attorney-General, and. *Lewis Rogers,* County Attorney, and *Owen. Davis,* for the State.

HARPER, JUDGE.—Appellant was convicted of unlawfully selling intoxicating liquor in prohibition territory.

Appellant filed a plea praying that in the event he was found guilty his sentence should be suspended, and the jury returned the following verdict: "We, the jury, find the defendant guilty and assess his punishment at one year confinement in the penitentiary—we find that he has never been convicted of a felony and recommend to the court that his sentence be suspended in this case." The court in accordance with said verdict entered up a judgment adjudging appellant guilty, also reciting and adjudging as follows: "But it appearing to the court that the de-

fendant, Frank Bierman, had filed herein his request in writing under oath for a suspension of the sentence herein and the jury having heard said request and the evidence in support thereof, and having found by their verdict that the defendant was a man of good character, that he had never been convicted of a felony prior to this time and having recommended in their verdict that the judgment and sentence of the court be suspended. It is considered and ordered by the court that sentence of the judgment of conviction herein be and the same is hereby suspended during the good behavior of the defendant."

No sentence has ever been pronounced, but appellant filed a motion for a new trial, and when it was overruled gave notice of appeal, and undertakes to prosecute an appeal to this court.

The question arises: has a person adjudged guilty, and who at his request and instance has had the sentence suspended, the right of appeal before sentence is pronounced. The right of appeal is given in this State upon such conditions and restrictions as the Legislature may adopt, and we think it clear from reading the suspended sentence Act it was not the intention of the Legislature to give the right of appeal in this character of case until sentence has been pronounced. Article 856 of the Code of Criminal Procedure provides that in all cases of felony (except where the death penalty is assessed) *sentence shall be pronounced before an appeal is taken,* and where the person on trial secures the suspension of pronouncing of sentence, his right of appeal does not arise until sentence is pronounced. If the court should hereafter for any reason call him before the court and pronounce sentence, his right of appeal would then accrue, and he could then prosecute an appeal to this court, but not until then. No sentence having been pronounced, and it being at his instance and request that sentence was suspended, this appeal must be dismissed, but without prejudice to his right to appeal if sentence should hereafter be pronounced on the verdict and judgment.

The appeal is dismissed.

*Dismissed.*

### ON REHEARING.

### March 18, 1914.

HARPER, JUDGE.—Appellant has filed a motion for rehearing in which he earnestly insists we were in error in dismissing his appeal; that the judgment entered was a final judgment, although no sentence was pronounced. To so hold would be in direct conflict with the provisions of the suspended sentence law. Section 2 reads: "The court shall permit testimony and submit the question as to the general reputation of defendant to enable the jury to determine whether to recommend the suspension of sentence, and as to whether the defendant has ever been convicted; such testimony shall be heard and such question submitted only upon the request in writing by the defendant; provided,

that in all cases sentence shall be suspended if the jury recommends it in their verdict. Provided further, that in such cases, neither the verdict of conviction nor the judgment entered thereon shall become final, except under the conditions and in the manner and at the time provided for by section 4 of this Act." It is thus seen that by law it is now specifically provided that this shall not be a final judgment. Section 4 reads: "Upon the final conviction of the defendant of any other felony, pending the suspension of sentence, the court granting such suspension shall cause a capias to issue for the arrest of the defendant, if he is not then in the custody of such court, and upon the execution of a capias, and during a term of the court shall pronounce sentence upon the original judgment of conviction, and shall cumulate the punishment of the first with the punishment of any subsequent conviction or convictions, and in such cases no new trial shall be granted in the first conviction." As said in the original opinion, that should circumstances in the future arise whereby under the provisions of this latter section the court should pronounce sentence, then and not until then does his right of appeal lie under our law.

The motion for rehearing is overruled.

*Overruled.*