## EX PARTE MRS. S. E. LAWSON.

### No. 3524.   Decided April 7, 1915.

**1.—Local Option—Suspension of Sentence—Final Judgment.**

Where, upon trial of a violation of the local option law, the jury recommended a suspension of sentence, and it appeared from the record on appeal that defendant had been convicted of three other felonies which are now pending on appeal in this court, it was reversible error to set aside the suspension of sentence and to enter an order that defendant's punishment should begin to operate at the expiration of the term of such previous convictions, and defendant is discharged on writ of habeas corpus to await the final disposition of the causes on appeal in this court.

**2.—Same—Rule Stated—Practice on Appeal—Habeas Corpus.**

While ordinarily this court will not inquire into the question whether the facts authorized the court below to set aside the suspension of sentence, yet where it appeared in the record on appeal that the right of the court below to

set aside the suspension of sentence depends upon the final conviction for a felony in another case, this court will take cognizance of the matter in question under a writ of habeas corpus; especially, where the court below denied right of appeal.

### 3.—Same—Rule Stated—Final Judgment—Suspension of Sentence.

It is only upon final judgment of conviction of a felony in another case that the right to set aside the judgment suspending the sentence in the trial court arises, and no final judgment having been rendered in the previous convictions, the trial court had no authority to set aside the judgment suspending the sentence in a cause in which the jury recommended same and the court had followed the same with a judgment suspending the sentence thereon.

Appeal from the District Court of Shelby. Tried below before the Hon. W. C. Buford.

Appeal from a conviction of a violation of the local option law; penalty, one year imprisonment in the penitentiary with suspension of sentence and the court's order to set aside the same because of other convictions of felony, whereupon defendant sued out writ of habeas corpus before the District Court, and the discharge of relator being denied, appeals to this court.

The opinion states the case.

*J. S. Stephenson* and *S. H. Sanders,* for relator.—On question of setting aside suspension of sentence and final judgment: Arcia v. State, 26 Texas Crim. App., 193; Bowels v. State, 67 Texas Crim. Rep., 578, 150 S. W. Rep., 626; Snodgrass v. State, 67 Texas Crim. Rep., —, 150 S. W. Rep., 162; Rice v. State, 50 Texas Crim. Rep., 648, 100 S. W. Rep., 771.

*C. C. McDonald,* Assistant Attorney General, for the State.

HARPER, JUDGE.—It appears from the record in this case that relator was convicted of a felony at the August term, 1914, of the District Court of Shelby County, and her punishment assessed at one year confinement in the State penitentiary, in cause No. 5007, the sentence, on the recommendation of the jury, being suspended during good behavior.

It further appears that at the February term of the District Court of Shelby County appellant was convicted of three other felonies, and her punishment assessed at one year confinement in the State penitentiary, in cause No. 5102; two years imprisonment in cause No. 5080, and one year confinement in the State penitentiary in cause No. 5081. In these three cases she filed a motion for a new trial, and when the motion was overruled she gave notice of appeal in each of these cases to this court, and they are now pending and will be heard when the transcripts are received by this court.

On the day the motions for new trial were heard in causes Nos. 5102, 5080, and 5081, the court caused process to issue and be served on relator to show cause why the order suspending the sentence in cause

No. 5007, rendered at the September term, 1914, should not be set aside and relator sentenced to serve the term in the penitentiary fixed by the jury in that cause. On the hearing on that motion relator insisted that the court had no authority to set aside the order suspending the sentence in cause No. 5007, as the judgments in causes Nos. 5080, 5081, and 5102 were not final judgments, by reason of the fact that she had perfected an appeal in each of said causes to this court. The court overruled this plea and set aside the order suspending the sentence in cause No. 5007, and sentenced relator in said cause. From this order of the court it is made to appear by bill of exceptions No. 1 relator undertook to give notice of appeal from the order setting aside the suspension of the sentence, but the court refused to recognize the right of appeal from such order, and refused to enter same of record. In this the court was in error. In Bierman v. State, 73 Texas Crim. Rep., 284, 164 S. W. Rep., 840, we held that there was no right of appeal from a judgment suspending the sentence until the court set aside the suspension of the sentence, but that the right of appeal accrued whenever the court set aside the order suspending the sentence. Had the court not denied the right of appeal from the order setting aside the order suspending the sentence, no right to sue out a writ of habeas corpus, in our opinion, would have existed. For it is the rule that if the judgment is not void, but voidable only, no relief can be granted under the writ of habeas corpus, for if the court had jurisdiction to render the judgment in question, it can not be collaterally attacked. In Bailey on Habeas Corpus it is said:

"The courts in treating the question of jurisdiction usually use the terms 'of the subject matter' and 'of the person.' These expressions are generally well understood by the profession, and scarcely need to be specifically defined, yet a treatise would not be considered complete without it. It was stated by one court: 'By jurisdiction of the subject matter is meant the nature of the cause of action and of the relief sought, and this is conferred by the sovereign authority which organizes the court, and is to be sought for in the general nature of its powers, or in authority specially conferred. The power to render the judgment or decree which the court may undertake to make in the particular cause depends upon the nature and extent of the authority vested in it by law in regard to the subject matter of the cause.'

"It was stated by another court that 'jurisdiction of the subject matter is power to adjudge concerning the general question involved, and is not dependent upon the state of facts which may appear in a particular case, or which is claimed to have arisen, under that general question. One court has jurisdiction in criminal cases, another in civil cases; each in its sphere has jurisdiction of the subject matter; yet the facts, the acts of the party proceeded against, may be the same in a civil case as in a criminal case; as for instance, in a civil action for false and fraudulent representations and deceit, and in a criminal action for obtaining property under false pretenses. We should not say that the court of civil powers had jurisdiction of the criminal action, nor

vice versa. So that there is a more general meaning to the phrase, 'subject matter,' in this connection, than power to act upon a particular state of facts. It is the power to act upon the general, and, so to speak, abstract question, and to determine and adjudge whether the particular facts presented call for the exercise of the abstract power. Jurisdiction of the subject matter is the power lawfully conferred to deal with the subject involved in the action."

In the law governing a suspension of sentence the court is authorized to set aside the suspension of the sentence upon a given state of facts, and we ordinarily would not inquire into whether or not the facts authorized the court to set aside the suspension of the sentence, but in this case the court in his order setting aside the suspension of the sentence and sentencing relator to confinement in the penitentiary, adjudges as follows: "It is therefore also ordered, adjudged and decreed that the punishment heretofore in this case adjudged against her, the said Mrs. S. E. Lawson, shall begin and operate at the expiration of the term of such previous judgment and sentence of conviction, and the said defendant is now remanded to jail to await the further orders of the court, and the said Mrs. S. E. Lawson having excepted to the sentence heretofore rendered in said causes Nos. 5080, 5081 and 5102, and given notice of appeal to the Court of Criminal Appeals of the State of Texas, it is further ordered by the court that the execution of this sentence in said cause No. 5007 be and is suspended until the decision and judgment of the Court of Criminal Appeals in said cause No. 5080, 5081 or 5102, or either of them, shall be received, pending which said defendant, Mrs. S. E. Lawson, is remanded to jail."

It is thus made to appear by the recitals of the order setting aside the suspension of sentence that the judgments in causes Nos. 5080, 5081 and 5102 are not final judgments, and the right of the court to set aside the suspension of the sentence by the law being dependent upon a final conviction for a felony in another case, the judgment in and of itself authorizes this court to take cognizance of the matters in question under a writ of habeas corpus, and especially would this be true in a case where the right of appeal is denied.

Ordinarily, as we have said, if the court had found, as a matter of fact, that the facts existed which authorized the setting aside of the suspension of the sentence (the court having authority under the law to set aside the suspension of the sentence) we would not go behind the judgment so finding, as the right of appeal from such judgment existed. But in this case the right of appeal was denied, and in addition thereto the court in his judgment setting aside the suspension of the sentence recites such facts that would show a want of authority to set aside the suspension of the sentence, and we are of the opinion we can review the matter in question, and in our opinion the court had no authority to set aside the suspension of the sentence in cause No. 5007 until the judgment in causes Nos. 5080, 5081 and 5102 had become final, or one of them had become final by judgment of affirmance of this court.

It is only upon *final* judgment of conviction of a felony in another case that the right to set aside the judgment suspending the sentence arises in the trial court, and no *final* judgment in causes Nos. 5080, 5081 and 5102 having been rendered, the court did not have the authority to set aside the judgment suspending the sentence in cause No. 5007 at the time it did do so.

If the judgments in causes Nos. 5080, 5081 and 5102 should be affirmed by this court, or either of them, then the court would have the right and authority to set aside the suspension of the sentence in cause No. 5007, and it should do so.

The judgment is reversed and relator discharged from imprisonment in cause No. 5007, but this order shall have no effect in causes Nos. 5080, 5081 and 5102.

*Relator discharged.*

DAVIDSON, JUDGE.—I concur. This opinion is correct in holding the trial court was without authority to set aside suspended sentence under the stated facts. This he could only do after *final conviction* in another proper case. The other convictions are not final.