HATTIE HILL v. THE STATE.

No. 6678, Decided April 26, 1922.

Rehearing Denied October 4, 1922.

**1.—Burglary—Suspended Sentence—Practice in Trial Court—Charge of Court.**

Where, upon trial of burglary, the record showed upon appeal that while the jury in the instant case deliberated upon the verdict, another jury trying defendant for a different felony, brought into court a verdict of guilty, with a recommendation of suspension of sentence, there was no error in the action of the trial judge calling the jury in the instant case into open court and withdrawing from them his charge on suspended sentence, as the defendant was only entitled to one suspension.

**2.—Same—Withdrawing Charge—Action of Trial Court—Rule Stated.**

The right of the trial court to withdraw his charge after the conclusion of the argument, and to change the same is not an open question, although in a proper case this might require an allowance for additional argument.

**3.—Same—Statutes Construed—Conviction of Felony.**

It seems clear that by the use of the word "conviction of a felony" in Sections 1, 2, 3, and 5, under the statutes under discussion, was meant that status resulting from a judgment based on the verdict of a jury finding the accused guilty of some felony.

**4.—Same—Statutes Construed—Final Conviction—Words and Phrases.**

By the use of the expression "final conviction of defendant" in Section 4, of said Act, the law makers intended and referred to a different legal status from that meant in other portions of said act, by the use of the words "conviction of a felony."

**5.—Same—Rehearing—Judgment—Formal Entries—Verdict—Appeal—No Injury to Defendant.**

The formal entries are not the judgments of the courts, and do but evidence and reflect such judgments; the verdict against the accused, rendered by the jury constitutes the conviction of a felony, as there was no appeal therefrom, etc. Following Beerman v. State, 73 Texas Crim. Rep., 234, 164 S. W. Rep., 840, and other cases, and there was therefore, no reversible error in the action of the trial court in withdrawing the charge on suspended sentence in the instant case; besides, there could be no possible injury to the defendant under the facts in the instant case.

Appeal from the Criminal District Court of Harris. Tried below before the Honorable C. W. Robinson

Appeal from a conviction of burglary; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Stevens and Stevens,* for appellant.

*R. G. Storey,* Assistant Attorney General, and *E. T. Branch,* District Attorney, for the State.—On question of suspended sentence: Weatherford v. State, 166 S. W. Rep., 149.

On question of additional instruction, Gazar v. State, 3 Texas Crim. App., 286; Granger v. State, 11 id., 454.

LATTIMORE, Judge.—This appeal is from a conviction of burglary in the Criminal District Court of Harris County, a penalty of two years having been assessed.

From the only bill of exceptions in the record it appears that while the jury in the instant case were in retirement deliberating upon their verdict, another jury also trying appellant for a different felony, brought into court a verdict of guilty against her, with a recommendation of a suspension of the sentence, whereupon the trial judge called into open court the jury in the instant case and took out of his charge that part of same wherein he had submitted the law relative to suspended sentence, and had said jury returned to their room from which they presently emerged with a verdict of guilty herein.

Appellant insists that the trial court had no right to change said charge after the argument had concluded and the case had gone to the jury; and that she was entitled to a suspended sentence in this case as well as in the one whose verdict was earlier returned and in which she received such suspended sentence. Under the authority of Nowlin v. State, 76 Texas Crim. Rep., 430, 175 S. W. Rep., 1070, approved in Jacobs v. State, 85 Texas Crim. Rep., 505, 213 S. W. Rep., 628, we think it not an open question as to the right of the trial court to withdraw his charge after the conclusion of the argument and to change same, though, we observe, in a proper case such action might require the allowance of additional argument. We see no difference in principle in allowing the court in a proper case to recall the jury after they had begun their deliberation, and to change the charge in any matter which he had become convinced was erroneous.

The question as to the right of one accused of crime to the benefit of more than one suspension of sentence, must be answered in the negative, though in our opinion the matter should be clarified by legislative pronouncement. The same Legislature which wrote the body of Senate Bill No. 5, which became Chapter 7, Acts Regular

Session of Thirty-third Legislature, and is now our law of suspended sentence, also wrote the caption to said bill. The first line of said caption is as follows: "An Act to provide for the suspension of sentence in certain cases of conviction of felony for first offenses." Section 1 of said Act in terms provides "that in no case shall sentence be suspended except when the proof shall show and the jury shall find in their verdict that the defendant has never before been convicted of a felony." From these and other parts of said Act it is mnaifest that the benefit of the suspended sentence law was only for those who might be termed first offenders.

Can one who has been convicted of a felony and whose sentence has been suspended in compliance with this law, truthfully swear or prove in some subsequent trial that he has "never before been convicted of a felony?" This depends on what is meant by the expression "convicted of a felony" as used in this statute. Again reverting to Sec. 1 of said Act, we observe that it says: "When there is a *conviction of any felony* . . . the court shall suspend sentence . . . provided, that in no case shall sentence be suspended except the proof shows . . . the defendant has never before been *convicted of a felony*." In Section 2 of said Act it is provided that neither the verdict of conviction nor the judgment shall become final, except as provided in Section 4. In Section 3 of said Act we find this statement: "Sentence is suspended . . . during the good behavior . . . By the term 'good behavior' is meant that the defendant shall not be *convicted of any felony* during the time of such suspension." Section 4 of said act contains the following: "Upon the *final* conviction of the the court . . . shall pronounce sentence upon the original *judgment of conviction,* and shall cumulate the punishment of the first with the punishment of any subsequent conviction." In Section 5 of said Act, after providing the manner of setting aside the judgment of conviction at the expiration of the period of the suspended sentence, we find the following: "After the setting aside and dismissal of any judgment of conviction as herein provided for, the fact of such conviction shall not be shown or inquired into for any purpose, except in cases where the defendant has been again indicted for a felony and invokes the benefit of this act." In the emergency clause of said Act it is stated: The fact that there is now no law in this State providing for suspension of sentence in certain cases of felony, and the fact that such a law will redound to the great benefit and to the reformation of young convicts "for first offenses," creates an emergency, etc.

It seems clear from what we have just presented that by the use of the words "conviction of a felony" in Sections 1, 2, 3 and 5 of the statute under discussion, was meant that status resulting from a judgment based on the verdict of a jury finding the accused guilty of some

felony. The term "conviction" is used in many of our statutes in much the same sense. As illustrative, we note that Art. 843, Vernon's C. C. P., relating to the effect of the granting of a new trial, contains the following language: "The former conviction shall be regarded as no presumption of guilt, nor shall it be alluded to in the argument." See also Art. 778, Vernon's C. C. P., in which it is said: "In any case of acquittal or conviction the proper judgment shall be entered immediately." Many other citations might be made.

We observe also that by the use of the expression "final conviction of the defendant" in Section 4 of the Act under discussion, in our opinion, the law-makers intended and referred to a different legal status from that meant in other portions of said Act by the use of the words "conviction of a felony." In said Section 4 we think the Legislature referred to that status of the accused when he has not only been found guilty of a felony and judgment entered against him but that such judgment has become final in some of the ways known to our law, and sentence directing the execution of such judgment has been pronounced.

Our conclusion is from the above statements, that one convicted of a felony where sentence is suspended is within the comprehension of this statute when it uses the expression "convicted of a felony," and we further hold that such person is not thereafter entitled to file an application for a suspension of sentence in any felony case, and that should he be thereafter tried for such felony, said trial should proceed to its conclusion as though there was no such thing as a suspension of the sentence, and that after the judgment becomes final and sentence is pronounced, if there be pending against such accused a suspended sentence theretofore given in another case, the court before whom same is pending may proceed as outlined in Section 4 of said Chapter 7, which is Art. 865e of Vernon's C. C. P.

It follows that we are of opinion that appellant is not entitled to the benefit of a suspended sentence herein, and that no error was committed in withdrawing such issue from the consideration of the jury, and that for the reasons stated the judgment of the trial court should be and the same is hereby affirmed.

*Affirmed.*

ON REHEARING.

October 4, 1922.

LATTIMORE, JUDGE.—In a forceful motion for rehearing appellant insists that the action of the trial court in charging upon the law of suspended sentence, and thereafter withdrawing from the consideration of the jury such charge after the argument was concluded and the jury had retired, was error of such character as to call for the reversal of this case. It is urged that by going into this trial while another jury was out deliberating upon another case against

appellant, the State voluntarily placed itself as well as appellant, in such attitude that it could not withdraw that part of the court's charge relative to suspended sentence, as was done without doing violence to the rights of the accused.

We have carefully considered the matter in the light of the entire record. As far as we are thus informed when the instant trial was begun, appellant had never before been convicted of a felony. This being the case, she was entitled to file an application for suspension of sentence as a part of her pleading in the instant case, and also to support same by proof. Such application was filed and the mother of appellant testified that the latter had never been convicted of a felony. No testimony was offered by either side on the question of appellant's reputation.

It is stated in the only bill of exceptions appearing in the record that the trial court "fully instructed the jury upon the law of suspended sentence, advising the jury in accordance with the statutes in such case made and provided, that should the jury find the defendant guilty and assess her penalty not exceeding five (5) years, that the jury could, in its discretion, in returning its verdict, recommend a suspended sentence for the defendant, all of which charge of the court to the jury upon the law of suspended sentence, was in regular and legal form." From this statement we get all in the record which sheds light on what was withdrawn from the jury in the instant case, after the jury in the other case came in with a verdict of guilty against appellant, who was defendant therein.

It is true that when the court withdrew said part of his charge the judgment of guilty with suspension of sentence in said other case, had not been formally entered in the minutes. The formal entries are not the judgments of the courts, and do but evidence and reflect such judgments. The verdict against the accused had been rendered by the jury. She had been found guilty of a felony and a suspension of her sentence in said case had been recommended in such verdict. The State could not ask for a new trial in said case. Had the law been followed and a proper judgment entered therein, appellant had no right of appeal. Beerman v. State, 73 Texas Crim. Rep., 284, 164 S. W. Rep., 840. The State can in no event appeal or obtain a new trial. Perry v. State, 14 Texas Crim. App., 166; Robertson v. State, 14 Texas Crim. App., 211; Art. 836, Vernon's C. C. P. Legal procedure was at an end in said other trial of appellant except such as related to making the formal entries, or some proceeding under Section 4 of the suspended sentence act as discussed in our original opinion.

If we were right in our conclusion as announced in our original opinion that a verdict of guilty accompanied by a recommendation of suspended sentence in a felony case, is such "conviction of a felony" as to bar all subsequent right on the part of the accused

to a suspended sentence in any other case, and that our law contemplates but one suspension of sentence, then we would not be inclined to hold it error for the trial judge before whom such verdict of conviction had been rendered, to take appropriate action in a case wherein the facts were within his judicial knowledge and to remove from the jury then trying another case any and all instructions relating to or authorizing them to grant a suspended sentence unless there appear some facts from which injury be inferable. If a conviction of felony had been rendered in the same court, prior to the trial in the instant case, there would be no need of discussion further than to state that the accused would be denied the right to apply for suspended sentence in the case on trial.

Under the facts in this case we see no room for even a conjecture that possible injury resulted to appellant from the withdrawal of the charge relating to the matter of suspension of sentence. A reference to the record discloses the fact that the State introduced five witnesses upon this trial, in addition to the written confession of appellant, from whose testimony appellant's guilt appeared plain. She introduced no evidence save that of her mother to the effect that she had never before been convicted of a felony. From the proof in the record there would seem no possible escape from the conclusion of guilt. The only effort on behalf of appellant was to obtain a suspension of what appeared to be her inevitable sentence. To such suspended sentence we have held her to be not entitled under the law because she had already had the benefit of this law in another case. The instant jury gave to her the lowest penalty possible for the offense for which she was on trial. These facts entirely negative the idea that the jury were prejudiced by anything occurring in connection with the proof of, or the court's charge on, suspended sentence, or the withdrawal of such charge before verdict. We are not inclined to think the Nowlin case discussed in our original opinion, unsound, or that we were in error in following same.

The motion for rehearing will be overruled.

*Overruled*