

# THE ATTORNEY GENERAL
## OF TEXAS

**GERALD C. MANN**

~~JOE GREENHILL FIRST~~RD
**ATTORNEY GENERAL**

AUSTIN 11, TEXAS

Hon. Homer Garrison, Jr.,
Director, Department of
Public Safety
Austin, Texas

Dear Sir:

Opinion No. O-1395
Re: A suspended sentence
does not constitute a
final conviction under
Article 6687a, R.C.S.
of Texas.

     This will acknowledge receipt of your letter of September 6, 1939, in which you submit for an opinion of this department the question of whether or not a suspended sentence given under the Driver's License law constitutes a final conviction, making necessary the mandatory suspension or revocation of a driver's or chauffeur's license.

     Paragraph (c), Section 15, of Article 6687a, Revised Civil Statutes of Texas 1925, provides:

     "For the purpose of this Act the term, 'conviction,' shall mean a final conviction. Also, for the purpose of this Act, a forfeiture of bail or collateral deposited to secure a defendant's appearance in court, which forfeiture has not been vacated, shall be equivalent to a conviction."

     Paragraph (a), Section 16, of the above mentioned article provides that the license of any person shall be automatically suspended or revoked upon final conviction of any of the offenses enumerated therein. Paragraph (b) of the same section and article provides that such mandatory revocation or suspension shall be for a period of six months for the first conviction and for a period of one additional year for the second conviction.

     Articles 776 and 776a, Code of Criminal Procedure of Texas, 1925, is the authority for the suspension of sentence imposed in felony cases except those of certain classes therein specifically enumerated.

     Article 778, Code of Criminal Procedure of Texas, 1925, provides that in cases where a suspended sentence is recommended by the jury and the same has been granted ". . . neither the verdict of conviction nor the judgment entered thereon shall become final, except in the manner and at the time provided in the succeeding articles."

     Article 779, Code of Criminal Procedure of Texas, 1925, sets out in detail, the manner of making final a judgment of conviction wherein a suspended sentence has been granted. It reads:

"Upon the final conviction of the defendant of any other felony pending the suspension of sentence, the court granting such suspension shall cause a capias to issue for the arrest of the defendant, if he is not then in the custody of such court, and during a term of the court shall pronounce sentence upon the original judgment of conviction, and shall cumulate the punishment of the first with the punishment of any subsequent conviction or convictions, and in such cases no new trial shall be granted in the first conviction."

Thus it clearly appears from Article 779, supra, that a sentence imposed upon a defendant and suspended by proper judgment can never become final except upon the happening of certain events, to-wit, a subsequent final conviction of another felony and the revocation of the suspension and pronouncement of sentence by the court upon such former conviction.

Article 780, Code of Criminal Procedure further reflects the intention of the Legislature that a suspended sentence shall not be considered a final conviction. Such Article provides:

"In any case of suspended sentence, at any time after the expiration of the time assessed as punishment by the jury, the defendant may make his written sworn motion for a new trial and dismissal of such case, stating therein that since such former trial and conviction he has not been convicted of any felony, which motion shall be heard by the court during the first term time after same is filed. If it appears to the court, upon such hearing, that the defendant has not been convicted of any other felony, the court shall enter an order reciting the fact, and shall grant the defendant a new trial and shall then dismiss said cause. After the setting aside and dismissal of any judgment of conviction as herein provided for, the fact of such conviction shall not be shown or inquired into for any purpose except in cases where the defendant has been again indicted for a felony and invokes the benefit of this law."

Our courts have consistently held that where suspended sentences have been granted there is no final conviction and no appeal can be had thereon. See Jones vs. State, 281 SW 1072; Beerman vs. State, 164 SW 840; Hill vs. State, 243 SW 982 and authorities too numerous to cite herein.

It is the opinion of this department and you are so advised that there is no mandatory suspension of driver's license in the case of conviction wherein a suspended sentence is given unless and until such judgment has become final by action of the court in keeping with the terms and provisions of Article 779, Code of Criminal Procedure.

Trusting that this satisfactorily answers your inquiry, we are

Very truly yours

ATTORNEY GENERAL OF TEXAS

By   s/ LLOYD ARMSTRONG
         Lloyd Armstrong
         Assistant

LA:AW- AMM

APPROVED SEP. 23, 1939

s/ GERALD C. MANN
   ATTORNEY GENERAL OF TEXAS          APPROVED OPINION COMMITTEE

                                      By B.W.B.   Chairman

WJP