JOHN LAMKIN V. THE STATE.

No. 20563. Delivered January 31, 1940.

312

The opinion states the case.

*Mahan & Broughton,* of Childress, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

*Montague & Fannin* and *Joe G. Montague,* of Fort Worth, for Texas & Southwestern Cattle Raisers Ass'n. Amicus Curiae.

BEAUCHAMP, Judge.

At the September term, 1935, of the District Court of Hall County, the appellant was convicted of cattle theft, and his punishment assessed at a term of four years in the penitentiary with the sentence suspended. In February, 1938, he was convicted upon a felony charge of driving an automobile on a public highway while intoxicated. The latter sentence became final, and the District Attorney filed a motion to set aside the suspension of the sentence in the former conviction, and upon the hearing the same was revoked and the appellant duly sentenced to four years' confinement in the penitentiary. From this sentence appellant brings this appeal.

On the hearing to have this sentence revoked appellant sought to have the judgment of conviction set aside on the ground of the insufficiency of the evidence upon which he was convicted. At the time of the hearing and for the appeal he attempted to secure a transcript of the testimony in his first trial, but was advised by the court reporter that the notes had been destroyed and that he would be unable to make a full and complete transcript. One of the attorneys in the original case had died, and the other one, with the District Attorney, made a statement of facts which was concurred in by two of the jurors. Appellant, it seems, would not agree to this statement of facts and contends that the statement made is incorrect. The trial judge is unable to prepare one from memory. Appellant now presents that he has been deprived of a statement of facts without fault on his part and after due showing of diligence.

The first question for our consideration is whether or not the appellant has a right of appeal after the revocation of the suspension of his sentence and after a final judgment had been entered in his case. This court has consistently held that there is no appeal from a suspended sentence because it is not a final judgment from which an appeal may be taken. As shown by the authorities hereinafter quoted, it has been as consistently held that when a suspended sentence is revoked, an appeal will lie to this court to review the original trial in the same manner as if there had been no suspended sentence and an appeal had been perfected at the time of the entry of the judgment The applicable statute, Art. 779, C. C. P., reads as follows: "Upon the final conviction of the defendant of any other felony pending the suspension of sentence, the

court granting such suspension shall cause a capias to issue for the arrest of the defendant, if he is not then in the custody of such court, and during a term of the court shall pronounce sentence upon the original judgment of conviction, and shall cumulate the punishment of the first with the punishment of any subsequent conviction or convictions, and in such cases no new trial shall be granted in the first conviction."

Though the suspended sentence law has been in effect since 1913, and there have been many appeals to this court after the suspended sentence was revoked, we are again called upon to pass upon the question of whether or not an appeal will lie under such conditions.

In Bierman v. State, 164 S. W. 840, there was an appeal from a conviction with a suspended sentence. The date of the opinion of this court was February 25, 1914. The motion for rehearing, on March 18, 1914, sustained the original opinion. After denying him the right to have his case considered on appeal, the court said: "If the court should hereafter, for any reason, call him before the court and pronounce sentence, his right of appeal would then accrue, and he could then prosecute an appeal to this court, but not until then."

The Bierman case is specifically approved in Ex parte Lawson, 175 S. W. 698, from which we quote the following: "In Bierman v. State, 164 S. W. 840, we held that there was no right of appeal from a judgment suspending the sentence until the court set aside the suspension of the sentence, but that the right of appeal accrued whenever the court set aside the order suspending the sentence."

In Gallier v. State, 182 S. W. 306, (Jan. 12, 1916), the appellant, upon receiving a suspended sentence, filed a motion for new trial, and when it was overruled, gave notice of appeal. This court said: "The trial court should not have permitted notice of appeal to have been given; for, under the suspended sentence law, an accused cannot appeal from the conviction, and can only do so when proper sentence is later, if at all, pronounced against him. Bierman v. State, 73 Tex. Cr. R. 284, 164 S. W. 840."

In Ex parte Beland, 252 S. W. 529, dated June 13, 1923, Judge Hawkins wrote: "Relator could not appeal from the judgment of conviction wherein his sentence was suspended so long as the suspension was effective, because no sentence had been pronounced and the judgment was not final; but when the court revoked the suspension on July 28, 1922, and pronounced sentence upon relator, the judgment then became a

final judgment and the right of appeal at once accrued, and this was the legal, adequate, and statutory remedy. Article 856, C. C. P.; Bierman v. State, 73 Tex. Cr. R. 284, 164 S. W. 840; Ex parte Lawson, 76 Tex. Cr. R. 419, 175 S. W. 698; Thomas v. State, 87 Tex. Cr. R. 153, 219 S. W. 1100."

Each and all of the foregoing decisions were rendered prior to the re-enactment of the Suspended Sentence Law in 1925 substantially as it appeared in the statute at the time of the foregoing opinions of this court.

It is a settled rule of construction that whenever a statute is re-enacted without any substantial change of verbiage that it will be given the same judicial construction thereafter as it had received previous to such re-enactment. Tex. Jur., Vol. 39, p. 266, sec. 141; Kerens Nat. Bank v. Stockton, 120 Tex. 546, 40 S. W. (2d) 7, 77 A. L. R. 362; Texas Fidelity & Bonding Co. v. City of Austin, 112 Tex. 229, 246 S. W. 1026; Francis v. State, 233 S. W. 974. Moreover, this court has written on the identical subject and has specifically held that a construction of the suspended sentence law in the case of Martin v. State, 198 S. W. 956, (decided in 1917) was written into and became a part of the re-enacted suspended sentence law when the Legislature adopted the Codification of 1925. Presiding Judge Morrow wrote the opinion so holding; and on motion for rehearing Judge Lattimore re-stated the position of this court with numerous authorities in the case of Parrish v. State, 71 S. W. (2d) 274. The court here holds that the suspended sentence law appears in the 1925 codification in the identical language that it was found in the law existing in 1917 when the Martin case was decided.

Assuming that this is a settled rule and in view of the fact that this court has consistently held that an appeal will lie from a judgment with a suspended sentence if and when that judgment becomes final by revocation, we do not deem the question now open for consideration. The Legislature re-enacted the same statute in 1925 with a knowledge of the construction which this court had placed upon it, and we view it as effective as if the Legislature had written into the statute itself the decisions of this court on the subject.

We are not overlooking the closing phrase of the article above quoted which says, "and in such cases no new trial shall be granted in the first conviction." If the matter were open for our consideration at this time, we may as well apply this as direction to the trial court and consistently hold that the trial court would have no authority at that time to grant a

new trial. If the Legislature had intended to say that this court may not reverse a case, the matter was before them, they were writing on the subject, and they might as well have said so. The phrase is an inhibition and should not be construed to mean more than it says. If it is to be taken as limiting the jurisdiction of this court, we believe the language should be specific and that a conclusion of this nature should not be reached by mere implication. Neither have we overlooked the fact that the decisions of many other jurisdictions are contrary to those of our own State and that the reasons for such decisions are not altogether trivial. It is held that it will be an injustice to reverse a case after a long lapse of time and send it back for a new trial when records of events might become destroyed, . witnesses may have moved away, and memories as to exact dates and relation of facts are not sufficiently accurate to secure a conviction. This reasoning might well be indulged by the Legislature in passing the law but not by courts. It is not a question for us to consider as to which is wiser; for we are confined to the determination of what the law is, and having found it, it is our obligation to so hold.

The next question presented is whether or not the appellant has been deprived of a statement of facts after having exercised reasonable diligence to obtain one and without fault of his own. It occurs to us that a set rule to determine diligence of a party to obtain a statement of facts is rather a difficult one and that it is largely a matter for this court to pass on in each individual case. The facts are seldom the same in two cases. Certainly the one before us is different to any other that has been called to our attention, and we could only measure the diligence by considering what an ordinary prudent person would do under the same or similar circumstances. He had not procured from the. reporter a transcript of the testimony at the time of his trial. It could hardly be said that a prudent person would have been called upon to do so. It would be a rare exception if he did, for we cannot read into the mind of the appellant at that time an intention to again violate the law and need such transcript. If he had taken this step, we might well look upon his act in doing so with suspicion. An attache of the court had charge of these notes and not the appellant. The destruction of them was a matter beyond his knowledge and responsibility.

We then reach the question as to whether or not a prudent man should have agreed to the statement of facts that was presented for the court's approval. This statement of facts is

not before us and there is no evidence as to its reasonableness or unreasonableness. The court was unable to make up a statement which was certainly no fault of the appellant. We are without any facts upon which we may reach a conclusion in the matter and are confronted with our duty to resolve any reasonable doubt in favor of the appellant. Having thus considered the elements presented in this question, we are driven to the conclusion that the appellant is before this court without a statement of facts under such conditions as require that this case be reversed and remanded for a new trial, which is accordingly done.

The case is reversed and remanded for a new trial.