PRINCESS GOSSETT V. STATE

No. 27,515. June 1, 1955
Appellant's Motion for Rehearing Denied
(Without Written Opinion) October 5, 1955

*King C. Haynie,* Houston, of counsel for appellant on appeal only.

*Dan Walton,* District Attorney, *Eugene Brady,* Assistant District Attorney, Houston, and *Leon Douglas,* State's Attorney, Austin, for the state.

### ON STATE'S MOTION FOR REHEARING

WOODLEY, Judge.

After more mature consideration in the light of the State's Motion For Rehearing, we have decided that we were in error in our original opinion wherein we reversed the original conviction of appellant because of a variance between the forged instrument described in the statement of facts as that offered in evidence and the instrument described in the indictment. That opinion is now withdrawn.

Upon an indictment charging her with forgery, appellant pleaded guilty before the court, a jury being waived, and on April 14, 1954, a judgment was entered upon the plea and the evidence heard, adjudging appellant guilty of forgery and assessing her punishment at five years in the penitentiary.

The judgment further provided "imposition of sentence deferred—defendant released on own recognizance pending following terms of adult probation law. Terms of probation—not to violate the law of this or any other state or the United States."

Appellant apparently accepted the judgment and probation, no notice of appeal having been given before the expiration of the term during which the judgment was entered.

In November 5, 1954, a motion praying for the revocation of probation was filed alleging that on October 21, 1954, appellant violated the terms of her probation in that she committed the offense of passing a worthless check, and alias capias was ordered issued for the arrest of appellant.

Hearing was had on November 12, 1954, and on the same day sentence was pronounced reciting "It appearing to the court this same defendant has violated the terms of probation heretofore accorded her, she having again violated the laws of this State by unlawfully passing a worthless check, * * *"

Appellant's notice of appeal was noted in the sentence and bond on appeal was set at $5,000, and on November 23rd recognizance on appeal was entered into by appellant and her sureties.

The statement of facts on the revocation hearing shows that on October 12, 1954, appellant signed two checks totalling the sum of $65.00, which were cashed for her, and that such checks were not honored by the bank upon which they were drawn because she had no account in said bank.

The evidence further shows that the checks were paid off prior to the hearing but after the motion for revocation had been filed, and alias capias ordered.

The proof showing that appellant acquired $65.00 by drawing and cashing the checks upon a bank where she was unknown and had no account is sufficient to show a violation of Art. 567b V.A.P.C., in making and delivering a check with intent to defraud, knowing that the maker has not sufficient funds in the bank upon which the checks were drawn for the payment thereof. Watson v. State, 154 Texas Cr. R. 616, 229 S.W. 2d 621.

Sec. 3 of Art. 781b, V.A.C.C.P., provides that the court shall determine the terms and conditions of probation and may include among them the following:

"That the probationer shall:

"(a) Commit no offense against the laws of this or any other State or the United States;

"(b) Avoid injurious or vicious habits;

"(c) Avoid persons or places of disreputable or harmful character;

"(d) Report to the probation and parole officer as directed;

"(e) Permit the probation and parole officer to visit him at his home or elsewhere;

"(f) Work faithfully at suitable employment as far as possible;

"(g) Remain within a specified place;

"(h) Pay his fine, if one be assessed, in one or several sums, and make restitution or reparation in any sum that the court shall determine; and

"(i) Support his dependents."

Sec. 5 of Art. 871b, V.A.C.C.P., provides that a probationer may be arrested for violation of any of the conditions of the probation and the court, "after a hearing without a jury may continue or revoke the probation."

The clemency extended by the court is upon conditions contractual in nature, the probationer accepting the clemency under the conditions imposed.

The proceeding to revoke probation is therefore not a trial, and the court without a jury is, under the statute, authorized to pass upon the issue of whether the probationer has violated the terms of probation, and if so, he may, in his discretion, revoke or continue the probation as he deems proper. Wilson v. State, 156 Texas Cr. R. 228, 240 S.W. 2d 774.

No abuse of discretion on the part of the trial judge is shown in revoking the probation and pronouncing sentence.

Appellant also seeks a reversal of the original conviction for forgery wherein sentence was first pronounced after the revocation of probation, and for that purpose on February 4, 1955, which was the last day of the November 1954 term of the criminal district court, gave notice of appeal.

The state contends that the appeal from the conviction cannot be entertained by this court because, under the provisions of the Adult Probation and Parole Law, Art. 781b V.A.C.C.P., the right of the probationer to appeal is accorded at the time he is placed on probation, which was at the February 1954 term, and that notice of appeal was not given prior to the expiration of that term as required by Art. 827 C.C.P.

Appellant, on the other hand, contends that imposition of sentence was deferred when probation was granted, which prevented the appeal of the conviction until sentence was imposed.

Lamkin v. State, 138 Texas Cr. R. 311, 136 S.W. 2d 225, is cited as authority for holding that appellant has timely and properly perfected her appeal from the conviction as well as from the revocation of probation.

Lamkin v. State was an appeal from a conviction which was perfected after the suspended sentence granted in the judgment

had been revoked by reason of a subsequent felony conviction. The suspended sentence law under consideration contained no provision for appeal from a judgment prior to sentence.

Following the decision of this court in the Lamkin case, the legislature amended Article 779, V.A.C.C.P., and expressly provided that no appeal might be taken from a judgment upon which sentence had been suspended, even after the suspended sentence had been revoked. This legislation had the effect of overturning our holding in the Lamkin case and was a direct expression of legislative intent against the policy of permitting an appeal from a conviction long after the same was secured.

Art. V, Sec. 5, of the Constitution of Texas provides in part

"The Court of Criminal Appeals shall have appellate jurisdiction co-extensive with the limits of the State in all criminal cases of whatsoever grade, with such exceptions and under such regulations as may be prescribed by law."

There is nothing in the Constitution of Texas which would prevent the legislature from providing for an appeal to this court, in a criminal case, of a judgment upon which no sentence had been pronounced, the privilege of appeal not being constitutional but dependent upon the statute.

The legislature has seen fit to provide for appeal before sentence from a judgment carrying a death penalty. They have not seen fit to provide for an appeal from a judgment providing for a suspension of sentence. Prior to the present act no appeal has been provided in other convictions until the judgment has become final which, in felony cases, includes pronouncement of the sentence.

Sec. 1 of Art. 781b V.A.C.C.P. clearly provides that the trial court may suspend the imposition as well as the execution of sentence and place the defendant on probation. Sec. 5 of said statute grants the right of appeal in probation cases in the following language:

"The right of the probationer to appeal to the Court of Criminal Appeals for a review of the trial and conviction, as provided by law shall be accorded the probationer at the time he is placed on probation. When he is notified that his probation is revoked for violation of the conditions of probation and he is called on to serve a jail or penitentiary sentence he may appeal the revocation."

The legislature has authority to regulate the jurisdiction of this court and to prescribe rules to be observed in prosecuting an appeal, so long as its acts are not violative of the Constitution. 4 Texas Jur., pp. 17-18, Sec. 2.

We know of no constitutional provision which was overriden or disregarded by the legislature when they provided that the time to appeal for a review of the trial and conviction should be the time the defendant is placed on probation.

It is suggested that because of the provisions of Art. 829 C.C.P., a defendant who failed to appeal when the imposition of sentence was suspended and he was placed on probation, may appeal for a review of the trial and conviction as well as from the revocation when sentence is pronounced and he is called upon to serve time in jail or in the penitentiary.

The correctness of this contention is dependent upon whether or not the judgment assessing a jail or penitentiary term for a felony constitutes a conviction, where the imposition of sentence is suspended and the defendant is placed on probation.

Art. 827 V.A.C.C.P. provides that an appeal is taken by giving notice thereof in open court, at the term of court at which conviction is had, and having same entered of record.

Our holding that an appeal lies to this court from such a judgment, though the imposition of sentence is suspended, precludes the idea that such judgment is not "a conviction" until sentence is pronounced.

Art. 829 C.C.P. deals with the right to appeal after as well as before sentence. It was in effect when the sentence in any felony case was not to be pronounced until after the appeal had been decided. Paschal's Digest, Art. 3148 (683) ; Hartley's Digest, Sec. 473; O'Connell v. State, 18 Texas 343.

Since the enactment of Art. 834 of the 1895 Code, a sentence is requisite to the appeal in ordinary felony cases, and notice of appeal may be given either before or after sentence is pronounced.

It does not follow that in those casese where the legislature has provided for an appeal without sentence, the time for the appeal is to be determined or based upon the time sentence is pronounced rather than the time fixed by the legislature in the statute.

Certainly it was not the intention of the legislature to permit two reviews of the trial and conviction of one who has been accorded the benefit of the probation statute.

It seems clear that, if given an option, the probationer would defer appeal until such time as he, because of a violation of the terms of his probation, should be called upon to serve time in the penitentiary.

The legislature saw fit to deny the right of any appeal to one whose sentence had been suspended, in order to avoid situations such as resulted in reversal of the conviction in Lamkin v. State, 138 Texas Cr. R. 311, 136 S.W. 2d 225. It would not be supposed that, in enacting the probation statute, a similar situation would be created where not five but ten years might elapse before sentence was pronounced.

We conclude that appellant's right to appeal after sentence was pronounced and she was called upon to serve the penitentiary sentence is limited to a review of the revocation of the probation previously granted, and that her right to appeal for a review of the trial and conviction occurred when she was placed on probation. This right she has waived.

The order of reversal is set aside, the State's Motion For Rehearing is granted and the judgment is now affirmed.

### ON STATE'S MOTION FOR REHEARING

DAVIDSON, Judge, dissenting.

I cannot agree to the affirmance of this case for two basic reasons:

First, I am convinced that the trial court was without authority to revoke the probation, and, second, the state did not prove the guilt of the appellant of the offense upon which probation was extended.

These I discuss in the order named:

Appellant was indicted for the offense of forgery. Upon her plea of guilty before the court and after the introduction of testimony, as required, the trial court found her guilty and assessed her punishment at confinement in the state penitentiary for a term of five years. The trial court, however, did not

then pass sentence upon the appellant but expressly deferred the imposition of sentence by the following order:

"Imposition of sentence deferred—Defendant released on own recognizance pending following terms adult Probation.

"Terms Probation—not to violate the law of this or any other State or United States."

It is interesting to note that nowhere in that judgment, or elsewhere in the record before us, does it appear that the imposition of sentence was postponed at the request or agreement of the appellant. Indeed, it appears that the probation was entirely at the will of the trial judge and in keeping with the exclusive power conferred upon him by the Adult Probation and Parole Law of this state (Art. 781b, Vernon's C.C.P.).

Nowhere in that law is the consent of the accused necessary before the trial court can defer the imposition of sentence and place the accused upon probation. The only recourse afforded the accused appears to be in the right of appeal from the order of probation.

So, at the will of and by the order of the trial court, the appellant, here, was placed upon probation and sentence was not imposed. The sole condition of that probation was that, during the five-year term assessed, appellant not "violate the law of this or any other State or United States."

The legal effect of what the trial court did, then, was to say to appellant, "If, during the five-year period of punishment assessed in this case, you do not violate any law of this state, any other state, or United States, the judgment of conviction entered against you will be deemed as having been served and you will be discharged therefrom." This sounds good, but the so-called "fine print" that went along with that grant has not been read.

By the fine-print, I refer to the court-made law of my brethren that the probation could be revoked at the discretion of the trial judge for anything he determined to be a violation of the law, be it a traffic violation or a capital felony—and this, without the probationer having been first duly indicted, tried, and convicted of the supposed violation of the law in the courts of this state. In Felan v. State, 161 Texas Cr. R. 295, 276 S.W. 2d 825, my brethren held, and hold here, that the probationer is not entitled to a trial by jury to determine if he has violated the law but that the trial judge, himself, makes that determina-

tion for any reason that he may deem sufficient. The trial judge, under that holding, becomes prosecutor, judge, juror, and executioner.

In addition, it should be remembered that it makes no difference how exemplary is the conduct of the probationer while on probation or how faithfully the conditions of probation are complied with. The fact remains, nevertheless, that "No part of the time that the defendant is on probation shall be considered as any part of the time that he shall be sentenced to serve" (Art. 781b, Vernon's C.C.P., Sec. 5). So then if, during the period of probation, the trial court reaches the conclusion that the appellant has violated the law, he can set aside the probation and deprive the appellant of any credit for good behavior.

Such were the law and circumstances existing when some seven months after the appellant had been placed on probation the state filed in the trial court its motion to revoke appellant's probation and, as grounds therefor, charged that she had "violated the terms of her probation, in this, that she committed the offenses of Passing a Worthless Check." Of course, there is no such offense known to the statute law of this state. Moreover, nowhere therein was appellant given any notice whatsoever of the time or nature of the offense or where she was alleged to have committed the same. Nevertheless, the trial court granted the motion of the state and ordered a capias issued for appellant's arrest.

Thereafter, and without the semblance of an indictment, information, or complaint having been filed against the appellant charging her with a violation of the law, the trial court proceeded to hear evidence upon the allegation of the state's motion and decreed that "this same Defendant has violated the terms of probation heretofore accorded her, she having again violated the law of this State by unlawfully passing a worthless check."

Thus, by an ex parte hearing, the appellant was adjudged and decreed to be a violator of the law without being condemned in a trial in accordance with law.

To my mind, such procedure and conviction destroys the right of trial by jury and also due process of law. If those constitutional guarantees mean anything at all, they mean that no one shall be convicted of a violation of the law unless and until tried and adjudged guilty by and in a court of competent jurisdiction.

In justifying a denial to this appellant of the right of a trial by jury to determine if she had violated the laws of this state, as alleged by the state, my brethren rely upon that part of Sec. 5 of Art. 781b, Vernon's C.C.P., which authorizes the trial judge to determine at an ex parte hearing, upon any facts which he may deem sufficient, whether the accused has violated the law.

If that statute does what my brethren say and claim it does, here, then it is void, because it is in contravention of that provision of our Constitution which says that the right of trial by jury shall remain inviolate (Sec. 15, Art. 1) and of the provision that "In all criminal prosecutions the accused shall have a speedy public trial by an impartial jury," and "shall have the right to demand the nature and cause of the accusation against him." (Sec. 10 of Art. I.)

If a proceeding to determine whether one has violated the law of this state is not a "criminal prosecution" within the meaning of the Constitution, then what is it?

My brethren say that the relation existing between the trial court and the probationer is contractual in nature when the probationer accepts the probation upon the conditions imposed by the trial court.

It must be remembered that there is no valid contract which is entirely unilateral. Here, the trial judge has the right to enforce the contract upon the probationer without his consent, upon any terms and conditions which he, the trial judge, may deem proper. He may revoke the probation for any reason and upon any fact which he, and he, alone, deems sufficient to show a violation of the conditions of the probation.

I cannot conceive of a valid contract where one party thereto has the unlimited and uncontrolled right to violate and destroy that contract at any time and for any reason which may suit his convenience, will, or fancy. Yet that is exactly the contract that here exists between the trial court and the appellant, and which my brethren approve—all of which demonstrates that the majority—opinion theory that a contract exists between the trial court and the probationer is a fallacy and does not exist in fact.

The very fact that the probationer has no way by which he can prevent the forfeiture of the contract by the trial court establishes not only that there was no contract but also that

there is nothing for this court to review upon appeal from the revocation. Indeed, the right to appeal from the revocation is accorded the probationer, but that is wholly worthless and meaningless because there could be nothing to review.

When my brethren set forth in the majority opinion the facts upon which the trial court concluded that appellant had violated the law by "unlawfully passing a worthless check," they demonstrate the fallacy of their position, for they accord to the trial judge and to themselves, upon appeal, the unqualified right to determine one's guilt of a violation of the law without a trial. How more effectually can the right of trial by jury or due process of law be destroyed than is here shown?

Oh, my brethren say, they find no abuse by the trial court of his discretion in determining that appellant, since probation, has violated the laws of this state.

How can there exist a discretion to do or not to do a certain thing when one has the unqualified and unrestrained right to do that which he pleases in the matter?

If my brethren are right, there was no discretion for the trial court to exercise and none for the review of my brethren on appeal, for the trial court could do just as he pleased.

This case ought to be reversed, with instructions to the trial court that he reinstate the probation and that such status be maintained until, by a judgment of a court of competent jurisdiction, appellant is found to have violated the laws of this state, any other state, or the United States. Anything less renders void and without effect our vaunted claim of justice under law.

So much for the first question.

The second relates to the sufficiency of the evidence to support the appellant's conviction of forgery.

Appellant was charged by indictment with the offense of forgery. The indictment described the instrument which she was alleged to have forged. When the case was called for trial appellant waived a trial by jury and entered a plea of guilty to the charge as contained in the indictment.

Now the law will not permit one to be convicted of a felony merely upon a plea of guilty. Before a conviction can result upon

such a plea the state must "introduce evidence into the record showing the guilt of the defendant . . . . and in no event shall a person charged be convicted upon his plea of guilty without sufficient evidence to support the same." Art. 12, C.C.P., as amended.

To meet the mandate of this statute, the state attempted to prove appellant guilty of the offense of forgery, as charged. This the state wholly failed to do.

In the original opinion delivered in this case we reversed the conviction because the state had not proven appellant guilty. In other words, the proof did not authorize appellant's conviction, and we so held.

My brethren now withdraw that opinion and affirm the conviction, not because they have reached a different conclusion as to the sufficiency of the evidence to support the conviction or not because they have concluded that appellant received a fair and impartial trial, but because they now conclude that appellant waived her right of appeal to this court from such conviction and was therefore not entitled to have this court review the legality of her conviction upon appeal.

To such conclusion I cannot and do not agree.

The right to an appeal to this court from a judgment of conviction is a valuable right. That right ought not to be destroyed or withheld by some strict or highly technical process of reasoning, construction, or interpretation. To the contrary, that right ought to be preserved and maintained where at all possible. A liberal as distinguished from a strict and technical interpretation of the law to preserve and maintain that right should be applied, especially where the facts show that the accused has not been tried and convicted in accordance with law. An appeal is the medium to prevent an injustice being committed in such a case.

By the express provision of Sec. 5 of Art. 781b, Vernon's C.C.P., "The right of the probationer to appeal to the Court of Criminal Appeals for a review of the trial and conviction, as provided by law shall be accorded the probationer at the time he is placed on probation."

Appellant did not avail herself of the privilege there conferred.

64

My brethren hold that failure to appeal from the order extending probation bars appellant from thereafter at any time appealing from the judgment of conviction and from having this court review, upon appeal, the legality of her trial and conviction. The penalty which my brethren inflict upon appellant for failing to appeal from the probation of the imposition of sentence is indeed severe.

When the trial court, of his own motion in so far as this record is concerned, elected to defer the imposition of sentence and place appellant upon probation, there was no final judgment against her and none that could be enforced. A sentence upon that judgment was required to make it final and enforcible.

Under such circumstances, with no officer or agency attempting to enforce any judgment against her, what good reason did appellant have to appeal therefrom? The answer must remain, "None." Yet, my brethren hold that her failure to appeal when no one was seeking to enforce any judgment against her precludes any later attack on the judgment by appeal.

Were it not for the language of Sec. 5 of Art. 781b, Vernon's C.C.P., the right to appeal from the probation would not be authorized because of the absence of a final judgment in the case, which is the sentence. The statute quoted, then, is an exception to the general rule and of necessity has application only to the particular situation with which it deals. Upon its face, there is nothing to indicate that the right of appeal there extended was to be exclusive or was to supersede, nullify, and render void the right extended by any and all other statutes authorizing one to appeal from a final conviction in a criminal case.

The language used in the statute is not ambiguous, uncertain, or indefinite. No occasion arises, then, for a judicial interpretation as to the legislative intent in the passage of the statute.

To my mind, the conclusion of my brethren that when an accused fails to appeal from the order deferring the imposition of sentence in a criminal case he forfeits and waives his right to appeal thereafter is pure judicial legislation and is wholly unauthorized.

But the holding of my brethren does not stop there but goes further and, to my mind, by the same process of judicial legislation, decrees that Art. 829, C.C.P., has been repealed by implication.

Art. 829, C.C.P., reads as follows:

"Appeal after sentence. Where the defendant in a felony case fails to appeal until after sentence has been pronounced, the appeal shall, nevertheless, be allowed, if demanded, and has the effect of superseding the execution of the sentence and all other proceedings as fully as if taken at the proper time."

It occurs to me that this statute clearly and unequivocably authorizes one to appeal a criminal case after sentence is passed. There is no limitation as to that right. Such has been the interpretation placed on that statute throughout the years. Yet my brethren, by their holding not only repeal the statute but write a new section thereto which has the effect of saying, "provided, however, said statute has no application where imposition of sentence is deferred and the accused failed to appeal from that order, in which event he is barred from appealing after sentence is imposed." To my mind, that is pure legislation by this court.

The courts are often called upon to ascertain what the legislature meant or intended by words used and employed in a statute, but this is the first time I ever heard of a court seeking to ascertain, and ascertaining, legislative intent when no words or language were used by the legislature upon the subject. The legislature nowhere used any words or language that would indicate that it had any idea or intention that an accused who had been placed upon probation, with imposition of sentence deferred, would have no right to appeal after sentence had been imposed and the judgment for the first time made final.

If the legislature intended to withdraw the right of appeal upon passage of sentence after revocation of the order deferring the imposition of sentence, it could have said so, just as easily as it did in the instance of revocation of a suspended sentence to which my brethren call attention. But the legislature has not done so.

I submit that, by their decision, my brethren have done that which the legislature did not do or intend and have written for that body a statute without legislative sanction.

As long as Art. 829, C.C.P., is not shown to be inapplicable by special and direct legislation, the unqualified right is accorded an accused to appeal a criminal case after sentence.

Our original conclusion that this case was properly before us on appeal was correct, and that holding should be adhered to.

I respectfully dissent.