# THE ATTORNEY GENERAL
# OF TEXAS
AUSTIN, TEXAS 78711
ATTORNEY GENERAL


February 1, 1967

Honorable John C. Mullen           Opinion No. M-19
County Attorney
Jim Wells County                   Re:   Whether a person who has been
Alice, Texas                             convicted of a felony, wherein
                                         the sentence was suspended, and
                                         the judgment of conviction has
                                         not been set aside and the cause
                                         dismissed under the provisions
                                         of Article 780 of the old Code
                                         of Criminal Procedure, is bar-
                                         red from applying for and re-
                                         ceiving probation under the
                                         Misdemeanor Probation Law.
Dear Mr. Mullen:                         Article 42.13, V.C.C.P.

     You have requested this office for an opinion on the
hereinabove set out question.

     Article 42.13, Vernon's Code of Criminal Procedure,
known as the Misdemeanor Probation Law, provides, among
other conditions, in Section 3(a)(2) thereof, that a de-
fendant who has been found guilty of a misdemeanor wherein
the maximum permissible punishment is by confinement in jail
or by a fine in excess of $200, may be granted probation if:
"He has never before been convicted in this or another jur-
isdiction of a felony or of a misdemeanor for which the maxi-
mum permissible punishment is by confinement in jail or ex-
ceeds a $200 fine."

     It has been held that the expression "conviction of
a felony", as used in the suspended sentence law, means that
status resulting from a judgment based on a verdict finding
the accused guilty, and hence includes a conviction where
sentence has been suspended. Hill v. State, 243 S.W. 982
(Tex.Crim. 1922); Bradshaw v. State, 81 S.W.2d 83 (Tex.Crim.
1935); Edwards v. State, 116 S.W.2d 711 (Tex.Crim. 1938);
Whitlock v. State, 58 S.W.2d 109 (Tex.Crim. 1933); Thompson
v. State, 244 S.W.2d 832 (Tex.Crim. 1952).

     Therefore, in view of the above authorities and under
the facts stated, it is the opinion of this office that a
person who has been convicted of a felony wherein the sen-
tence was suspended is barred thereby from applying for and

- 76 -

receiving probation under the Misdemeanor Probation Law. Article 42.13, V.C.C.P.

## S U M M A R Y

A person who has been convicted of a felony, wherein the sentence was suspended, and the judgment of conviction has not been set aside and the cause dismissed under the provisions of Article 780 of the old Code of Criminal Procedure, is barred from applying for and receiving probation under the Misdemeanor Probation Law. Article 42.13, V.C.C.P.

Yours very truly,

CRAWFORD C. MARTIN
Attorney General of Texas

RLL/dt

Prepared by R. L. Lattimore
Assistant Attorney General

APPROVED:

OPINION COMMITTEE:

Hawthorne Phillips, Chairman
W. V. Geppert, Co-chairman
Sam Kelley
John Banks
Bill Craig
David Longoria

A. J. Carubbi, Jr.
Staff Legal Assistant