235; In re Terrill, 58 Kan. 815, 49 Pac. 158; State v. Crim. Sheriff, 45 La. Ann. 316, 12 South. 307; Ex parte Barnett, 51 Ark. 215, 10 S. W. 492; State v. Sistrunk, 138 Ala. 68, 35 South. 39; Commonwealth ex rel. Norton v. Deacon, 8 Serg. & R. (Pa.) 72; Ex parte Bigelow, 113 U. S. 328, 5 Sup. Ct. 542, 28 L. Ed. 1005; Ex parte Johnson, 1 Okl. Cr. 286, 97 Pac. 1023, 129 Am. St. Rep. 860; In re Belt, 159 U. S. 95, 15 Sup. Ct. 987, 40 L. Ed. 88; Whitten v. Tomlinson, 160 U. S. 231, 16 Sup. Ct. 297, 40 L. Ed. 406; Ex parte Ruthven, 17 Mo. 541.

To the same effect appears to be the law as written in the text-books and enclycopedias. 21 Cyc. 305; 9 Encyc. P. & P. .632; Church on Habeas Corpus (2d Ed.) § 253; 1 Bishop's New Crim. Proc. § 821.

There is but one authority in this state known to us which seems to hold contrary to the doctrine of the above citations, same being the Ex parte Davis Case, 48 Tex. Cr. R. 644, 89 S. W. 978, 122 Am. St. Rep. 775. A careful examination and analysis of this case convinces the writer of this opinion that in the conclusions reached the said opinion is not sound either in holding that the admitted case showed one in which the relator was entitled to have his plea of autrefois acquit sustained, or that this court had power or authority to so decide in said case and to discharge.

A plea of former acquittal, or conviction, or jeopardy is one of fact as well as law, and the only proper place to have the same originally presented and determined is in a trial court upon a plea duly presented and supported. This is an appellate court, and not a trial court, and will not take cognizance of questions of law or fact determinable in some court of competent jurisdiction in which a cause involving such question may be pending. The writ of habeas corpus was never intended to interrupt the due and orderly administration of the criminal law. The reason is very easily apparent. How could this court know, except the evidence be introduced before it, that the issues of fact and law arising on a future hearing will be identical with those already determined? Could the identity of such facts be admitted in advance? It is impossible; and, even, if possible, a decision in such case would become a moot question in which this court would in no event attempt to take jurisdiction or render a binding judgment. We further observe that the law of this case was announced in this majority opinion on the former appeal, and should be in all things followed by the trial court without speculation as to what may be done at any future time, and without regard to any change in the complexion of this court.

For the reason stated, the writ is dismissed, and the relator is remanded.

(85 Tex. Cr. 334)

## Ex parte COOTS.   (No. 5386.)

(Court of Criminal Appeals of Texas.   May 21, 1919.)

CRIMINAL LAW ⊜⇛982 — SUSPENDED SENTENCE.

Under Vernon's Ann. Code Cr. Proc. 1916, arts. 865c, 865e, and in view of articles 865d and 865g, as well as Vernon's Ann. Pen. Code 1916, art. 2, one convicted of a felony, whose sentence is suspended by the jury, cannot, after the period of suspended sentence has expired, be imprisoned on that sentence because of a later charge of another felony; for that would violate the purpose of the suspended sentence statute.

Original application by Bill Coots for writ of habeas corpus. Writ granted, and relator ordered released.

H. R. Debenport, of Big Springs, for relator.

E. A. Berry, Asst. Atty. Gen., for the State.

DAVIDSON, P. J. This is an original application for a writ of habeas corpus. The pertinent facts upon which a discharge from custody is sought show that relator was convicted of a felony and given a term of three years in the penitentiary by the verdict of the jury, upon which the court entered judgment. The jury also at the same time gave him the benefit of a suspended sentence. Three years and a half later he was charged with another felony. Under this charge he was convicted, sentenced, and has served the term. When the court entered judgment upon the last verdict, he also forfeited the suspension of sentence under the former conviction, sentenced relator, and cumulated that sentence with the last sentence.

Relator contends that, inasmuch as more than three years elapsed from the time of the suspension of sentence until the violation under which he was convicted on the second trial, this exonerated him from sentence under the first judgment. The question therefore presented is: Can the judge or court legally sentence for the first conviction, where suspended sentence is granted, when the term fixed by the jury has expired before the occurrence which predicates the second conviction? In other words, under the statute awarding suspended sentence, does the judgment cease to operate at the expiration of the term fixed by the jury and upon which suspended sentence is awarded, or does it run indefinitely? If the judgment and suspension run indefinitely, at what time would it expire, or would it ever expire?

Article 865c, Vernon's Crim. Stats. (Code Cr. Proc.), provides that, where suspended sentence is awarded, "neither the verdict of conviction nor the judgment entered thereon

shall become final, except under the conditions and in the manner and at the time provided for by section 4 of this act." Section 4 of said act is found in 2 Vernon's Crim. Stats. as article 865e. It provides that:

"Upon the final conviction of the defendant of any other felony, pending the suspension of sentence, the court granting such suspension shall cause a capias to issue for the arrest of the defendant, if he is not then in the custody of such court, and upon the execution of a capias, and during a term of the court shall pronounce sentence upon the original judgment of conviction, and shall cumulate the punishment of the first with the punishment of any subsequent conviction or convictions, and in such cases no new trial shall be granted in the first conviction."

So it will be seen that the finality of such conviction is made to depend upon said section 4, which authorizes the court to pass sentence by virtue of the first conviction if the final conviction in the second case occurs pending the suspension of sentence in the first. This can only occur under the terms of that statute pending such suspension. This is the power stated and granted by the Legislature, which authorizes the sentence under the first conviction. This carries with it the limitation specified. What is meant by the term "pending the suspension of sentence" above stipulated is defined and set forth in article 865d, Vernon's Ann. Crim. Stats. It provides that:

"When sentence is suspended the judgment of the court on that subject shall be that sentence of the judgment of conviction shall be suspended during the good behavior of the defendant. By the term 'good behavior' is meant that the defendant shall not be convicted of any felony during the time of such suspension."

In other words, that the determination of the suspended sentence, or its cessation, shall depend upon the "good behavior" of defendant, which is that he shall not during such suspension be again convicted of felony. If he again be so convicted, he forfeits all benefits of such suspension.

This would seem to make it sufficiently clear that the suspension of the sentence and the term of conviction coincide and coexist; that the suspension begins with the judgment and ends with the time fixed in the verdict by the jury. The suspension is fixed by the jury; they alone having that right. The court is powerless to interfere with the suspended sentence, either to grant or refuse. This is exclusively the province of the jury. When this has been done the court must carry into the judgment the suspension. It is suspended for the time allotted by the jury in their verdict. This is the fair and just interpretation of the legislative act. If this is not true, the legislative intent and purpose would be defeated. This view is emphasized and, it seems, rendered clear by the provisions of article 865g, which provides as follows:

"If at the expiration of the time assessed by the jury as punishment, there be pending against the defendant any other charge of felony, the court shall, upon application of the defendant (which shall be in writing, and shall state under his oath that he is not guilty of such charge), further suspend the sentence to await the final disposition of such other prosecution."

This language seems sufficiently clear to carry with it the idea that the charge against the accused in the second case must have occurred before the expiration of the time fixed by the jury in the first case. This would authorize and require the court to continue the suspension of the sentence until the final disposition of the second case. If he be found not guilty, the second charge would be found by the jury to be untrue, and would relieve of punishment under the first conviction. If he be found guilty, he would forfeit all rights under such suspension. The court has no authority to deal with the suspension of the sentence further than as it pertained to the first conviction. If there be no second conviction, there can be no cumulative sentence. Independent of the statute, the court has no authority to deal with the suspension of the sentence. The law determines that and fixes the status and conditions. The court has no authority outside the statute to act, either to curtail or extend the suspension. This depends upon and inheres in the verdict of the jury. The defendant alone by his acts may bring about conditions which forfeit his rights. It takes the verdict of the jury finding him guilty in the second case to forfeit his rights under the suspension of the sentence in the first case. The court can sentence and cumulate when the second felony conviction occurs. Without the provisions of that statute the court would be powerless to act as therein stipulated. This statute was enacted to prevent a forfeiture of the suspended sentence until the jury in the second case had determined that the defendant was guilty in the second case. This view correlates and harmonizes with and is strengthened by the general proposition pervading our entire criminal jurisprudence of reformation of the offender. This idea of reformation is one of the two great basic principles upon which the Penal Code is based: (1) The suppression of crime; (2) the reformation of the offender. Penal Code, article 2.

The state through its Legislature holds out to the declared offender that, though he may have offended in the particular instance, yet the jury may for the first offense suspend punishment dependent upon his future "good behavior" during the term for which they assess such punishment. It gives the accused the opportunity to reform, and is intended as encouragement to change his

ways and become a good and useful citizen. Such was the intent and purpose of the suspended sentence legislative action. The "good behavior" is made to depend upon the conduct of the convicted party, and it is held out to him as inducement to make a good citizen and become a useful member of society. If he has so acted during the term fixed by the jury, the judgment ceases, and his discharge from the allotted punishment follows as a legal consequence.

This view of the law entitles applicant to release under the facts, which is ordered.