

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN 11, TEXAS

GERALD C. MANN
XXXXXXXXXXX
ATTORNEY GENERAL

Honorable Marvin H. Brown, Jr.
Criminal District Attorney
Fort Worth, Texas

Dear Sir:                          Attention:  Austin F. Anderson
                                   Opinion No. O-1936
                                   Re:  Suspended Sentence Law

        We are in receipt of your letter of February 3, 1940,
seeking this department's opinion upon the following state of
facts, which are taken from your letter:

        "On the 28th day of October, 1937, Homer
    Dodd was convicted in the Criminal District
    Court of Tarrant County, Texas, in cause num-
    ber 40132 for the offense of burglary upon his
    plea of guilty and was given a sentence of two
    years in the penitentiary, which was by the
    court suspended during the defendant's good
    behavior.  On the same day, said defendant was
    released upon his own recognizance.

        "Thereafter, on the 14th day March, 1939,
    and while said suspended sentence was still
    in effect, said defendant was convicted in the
    United States District Court for the Northern
    District of Texas,  Fort Worth Division, in
    cause number 7221, criminal, under the name of
    George Homer Dodd upon his plea of guilty enter-
    ed therein on the 14th day of March, 1939, to
    certain charges in an indictment returned in
    said cause charging violation of the United
    States Code,  Title 12, section 588-b, in which
    judgment of the court was that said defendant be
    imprisoned in an institution of the penitentiary
    type for thirteen months.  George Homer Dodd,
    said defendant , in both of the above causes, was
    delivered to the warden of the United States
    Penitentiary at Leavenworth, Kansas, by J. R.
    Wright, United States Marshal for the Northern
    District of Texas, on the 27th day of March,
    1939, where he is still detained under said
    sentence.

"On the 24th day of March, 1939, there was
issued out of the Criminal District Court of
Tarrant County, Texas, in said cause number
40132, an alias capias ordering the body of
said Homer Dodd to be brought before the Honor-
able District Court in and for said Tarrant
County for the purpose of having a sentence
pronounced upon the original judgment of con-
viction in said cause."

It is further made to appear that the alias capias was
not served and the said Homer Dodd was not sentenced by the
court on his original conviction during the time assessed as
punishment in the case, and for which punishment he received
a suspended sentence.

The question propounded by you to this department is
whether or not the State court has the power, after the expira-
tion of the time assessed as punishment in that court, to re-
voke the suspended sentence and sentence defendant to serve
the time for which he received a suspended sentence, where he
was again convicted of a felony during the period of his sus-
pended sentence.

We do not regard the above question to be an open one
in the State. The Court of Criminal Appeals has passed upon
the question in the case of Clare v. State, 54 S.W. (2) 127.
The court in this case reached the conclusion that the trial
court does not have the power, after the suspended term has
ended, to revoke the suspended sentence, and sentence the de-
fendant to serve the sentence in the penitentiary. We quote
from Chief Justice Morrow's opinion in the above case:

"It is understood that the suspension of
the sentence of one convicted of crime is not,
in the absence of statutory authority, one of
the inherent powers of the trial judge. See
State of Utah v. Zolantakis, 70 Utah, 296, 259
P. 1044, 54 A.L.R. 1463, and authorities cited
in notes on page 1471 of 54 A.L.R.

"In this state the subject is covered by
statute and limited thereby. That is to say,
that the accused, at any time after the term of
his coviction has expired, may, upon showing
that he has not been subsequently convicted, be
released from the suspended sentence by an order
of the court. Likewise, if within the period
of his conviction under a suspended sentence he
is again convicted of a felony, the court has

authority to recall the suspended sentence and
make the judgment final.  Seearticles 779 and
780, C.C.P.  The time within which the court
may act is limited only by the duration of the
sentence.  That is to say, after the time for
which one is convicted and placed under a sus-
pended sentence has expired, it is not within
the power of the court to recall the suspension
and make the judgment final.  This was held in
the case of Ex parte Coots, 85 Tex. Cr. R. 334,
212  S.W. 173.  So far as we are aware, there
are no other limitations upon the right of the
court to recall the sentence.  In the present
instance, the recall of the suspended sentence
was within the duration of the conviction, and
therefore was within the jurisdiction of the
trial court."

It is doubtless true that this holding of Judge Morrow
was not absolutely necessary to a disposition of this case,
since the defendant there had been convicted of a second felony
and his original suspended sentence forfeited, and defendant
sentenced during the term the sentence was suspended on the
first conviction.  Nevertheless, we cannot agree that the hold-
ing was under such circumstances as to render it purely dicta.
It appears that Judge Calhoun, a Commissioner of the court,
had written the original opinion, and had held that the court
had the power during the term of the suspended sentence to
sentence the defendant, where he was again convicted upon
another felony during the term of the suspended sentence.
Judge Morrow's opinion was delivered upon motion for rehear-
ing and takes occasion to discuss the power of the court to
sentence one under the suspended sentence statute after the
term of such suspension had expired, and reached the conclusion
that the power was lost after the term of the suspended sen-
tence had expired.  The court having expressly passed upon
this question, we think it is governed by the rule in the case
of State v. O'Connor, 73 S.W. 1041, by the Supreme Court, in
which Judge Brown had this to say:

"* * * It is claimed that a determination of
the question was not necessary to the decision of
the Railway Company v. Jarvis, and that the opinion
in that case is not authority upon the issue as now
presented.  It is true that the case then before the
court might have been disposed of without passing
upon the validity of the judgment, but the issue
arose upon the facts, and was presented to and de-
cided by the court.  It is frequently the case that
a court discusses and decides questions presented

which might be emitted in a final determination
of the case, but that does not affect the weight
of the opinion as authority. We follow the case
of Railway Company v. Jarvis, because of its au-
thoritative character, and because we unqualified-
ly approve of the conclusion reached by the court
upon this question."

Upon the facts submitted by you, and the foregoing
authorities, you are advised that in the opinion of this
department the court would not now have the power to sentence
the defendant.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By s/Grover Sellers
Grover Sellers
Assistant

GS-MR-wc

APPROVED MAR 5, 1940
s/Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

APPROVED OPINION COMMITTEE BY s/BWB CHAIRMAN