Argued November 2, affirmed November 16, 1966

# STATE OF OREGON *v.* LARRY BERNARD GLENN

420 P. 2d 60

*William R. Kirby,* Enterprise, argued the cause and filed the brief for appellant.

*M. Keith Wilson,* District Attorney, Enterprise, argued the cause and filed the brief for respondent.

Before McAllister, Chief Justice, and Perry, Sloan, O'Connell, Goodwin, Denecke and Holman, Justices.

HOLMAN, J.

The defendant entered a plea of guilty to the crime of burglary and sentence was imposed. Thereafter an habitual criminal information was filed against him. He denied its allegations. After a hearing on the information an order was entered vacating the previous sentence for burglary and imposing an enhanced sentence therefore because of three previous criminal convictions. Defendant appealed.

Defendant's first claim of error challenges the determination by the court that a previous finding of guilt constituted a previous conviction when it was followed by a suspended sentence and placement on probation.

ORS 168.085 provides for enhanced penalties for a person who "* * * is found by the court to have been formerly convicted of a felony, * * *." A conviction is defined as follows:

" 'Conviction' means an adjudication of guilt upon a plea, verdict or finding in a criminal proceeding in a court of competent jurisdiction, but 'conviction'

does not include an adjudication which has been expunged by pardon, reversed, set aside or otherwise rendered nugatory."

In *State v. Hoffman,* 236 Or 98, 104, 385 P2d 741 (1963), the defendant contended that the court erred in proceeding under the enhanced penalty act before sentencing him for the principal crime, arguing that he had not been "convicted" of the principal crime until he was sentenced. This court there held that the word "conviction" as used in defining what constituted the principal crime was intended to mean as follows:

"* * * Conviction, when used in this sense, is to designate a particular stage in a criminal prosecution where the guilt of the defendant has been established. * * *"

In *State v. Hoffman* an attempt was made to distinguish the use of the word "conviction" when used with reference to the principal crime from its use with reference to former convictions. We do not believe its use can be so distinguished. In both instances it is used to denote a determination of guilt by a verdict of the jury or by plea and does not refer to subsequent sentence by the court.

In *State v. Cartwright,* — Or —, 418 P2d 822 (1966), the defendant contended that placement on probation, following a verdict of guilty, did not constitute a conviction under ORS 166.270 so that he could be classed as a convict in possession of firearms. This court there held that it was the intention of the legislature that probation and conviction be equivalents. The court there pointed out that ORS 168.015 (4) (c) provides that a conviction is not a "former conviction" under the habitual criminal act if it was the defendant's most recent conviction and he was "* * * finally and unconditionally discharged from

all resulting imprisonment, *probation* or parole more than seven years before the commission of the principal felony; * * *." (Emphasis ours.) It is obvious that the inclusion of probation was unnecessary unless the legislature contemplated that probationary status was equivalent to conviction.

██ The purpose of acts providing for enhanced penalties is the protection of the public from persons who have, by repetitive anti-social conduct, demonstrated that they are poor risks in society. The extent of the risk is demonstrated by previous determinations of their guilt of such anti-social action, not by whether the determination of guilt was followed by the execution of a sentence. To construe the use of the word "conviction" otherwise would negate the obvious purpose of the Act. We realize this is a minority view but believe it to be the better-reasoned result. See 5 ALR 2d 1080 for a collection of cases demonstrating both points of view.

The second assignment of error was relative to the propriety of using as a prior conviction, a conviction from the State of Wyoming. The information charging defendant with the conviction of prior offenses alleged as follows:

". . . That the defendant has been previously duly and regularly convicted * * *, under the law of the States of Wyoming and Washington, of crimes, which, if committed within the State of Oregon, would be felonious, as follows:

\* \* \* \* \*

"3. On or about the 3rd day of June, 1964, in the County of Hot Springs, State of Wyoming, the said defendant under the name of Larry Glenn, was duly and regularly convicted of the crime of Aiding an Escape, *which crime if committed in the*

*State of Oregon would be Aiding imprisoned or committed person to escape as provided in ORS 162.330."* (Emphasis added.)

ORS 162.330 is as follows:

"Any person who conveys into or about the yard or grounds of any penitentiary, jail, house of correction, or any other place used for the confinement of persons upon any warrant, order, or other legal process, any disguise, material, instrument, tool, weapon, or other thing adapted to or useful in aiding any person or prisoner there committed or detained, with intent to effect or facilitate the escape of such person or prisoner shall be punished upon conviction as a misdemeanor or by imprisonment in the penitentiary for not more than five years."

The Wyoming judgment and sentence which was introduced in evidence recites the crime to have been:

"That of aiding one Charles Weight in escaping from the Hot Springs County, Wyoming, county jail wherein the said Charles Weight was confined as a convicted felon awaiting transfer to the Wyoming State Penitentiary at Rawlins, Wyoming."

Defendant claims there is nothing in the record to justify the allegation that the Wyoming crime was violative of ORS 162.330 because there is no showing that it was committed by conveying into or about the jail "* * * any disguise, material, instrument, tool, weapon, or other thing * * *" as required by the Oregon statute.

The above quotation from the judgment and sentence in the Wyoming proceeding shows that the defendant's actions there would have been a violation of ORS 162.324 which was in effect at that time and which states:

"(1) No person shall: * * * (b) Knowingly

cause or facilitate an escape from official detention. (c) * * *.

"(2) Violation of subsection (1) of this section is punishable as a misdemeanor or by imprisonment in the penitentiary for not more than five years."

The Wyoming conviction resulted in a sentence in the Wyoming penitentiary of not less than twelve or more than eighteen months. As a consequence, defendant was found guilty of an offense which was punishable by imprisonment for a term of one year or more and which, at the time of conviction of the principal offense, would have been a felony if committed in this state.[1] The question is then raised as to whether the mistaken allegation that the Wyoming conviction would have been a violation of ORS 162.330 rather than a violation of ORS 162.324 voids the court's finding that it was a prior conviction as contemplated by the Act. The information sets forth the Wyoming conviction and alleges that if committed in Oregon it would have been a felony under Oregon law. All this was true and is all that was required. An allegation pointing out the specific Oregon statute that would have made the actions of the defendant felonious if

---

[1] "168.015 Definitions for ORS 168.015 to 168.085. As used in ORS 168.015 to 168.085, unless the context requires otherwise:

\* \* \* \* \*

"(3) Except as provided in subsection (4) of this section, 'former conviction of a felony' means:

\* \* \* \* \*

"(c) Former conviction by a general court-martial of the United States or in a court of any other state or territory of the United States, or of the Commonwealth of Puerto Rico, of an offense which at the time of conviction of the offense was punishable by death or by imprisonment in a penitentiary, prison or similar institution for a term of one year or more and which offense also would at the time of conviction of the principal offense have been a felony if committed in this state."

committed in Oregon is surplusage and unnecessary and may be disregarded. The defendant could not have suffered any prejudice because the information erroneously alleged an irrelevant Oregon statute was violated.

The judgment of the trial court is affirmed.