WR-85,447-0
COURT OF CRIMINAL APPEAL:
AUSTIN, TEXA:
Transmitted 4/16/2018 9:41 PI
Accepted 4/18/2018 11:40 AI
DEANA WILLIAMSOI
CLERI

## NO. WR-85,447-01

**IN THE
COURT OF CRIMINAL APPEALS
AT AUSTIN, TEXAS**

FILED
COURT OF CRIMINAL APPEALS
4/18/2018
DEANA WILLIAMSON, CLERK

---

## *EX PARTE* JEREMY WADE PUE, Applicant

---

**On Art. 11.07 Application for Writ of Habeas Corpus Arising out of Cause Number CR2008-214-1 in the 207th District Court of Comal County, Texas**

---

## STATE'S MOTION FOR REHEARING

---

### ATTORNEY FOR THE STATE

SAMMY MCCRARY
Chief Felony Prosecutor
Comal County, Texas
Texas Bar No. 90001990
150 N. Seguin Ave., Suite 307
New Braunfels, Texas 78130
(830) 221-1300
(830) 608-2008 (FAX)
Email: mccras@co.comal.tx..us

---

### ORAL ARGUMENT REQUESTED

*Denied*
*May 23, 2018*
*PC*

# NO. WR-85,447-01

## IN THE
## COURT OF CRIMINAL APPEALS
## AT AUSTIN, TEXAS

---

### *EX PARTE* JEREMY WADE PUE, Applicant

---

### STATE'S MOTION FOR REHEARING

---

TO THE HONORABLE COURT OF CRIMINAL APPEALS OF TEXAS:

Comes now the State of Texas, Appellee in the above–entitled and – numbered cause, and respectfully urges this Court to grant rehearing and deny relief to the Applicant and in support thereof would show the Court as follows:

## GROUNDS FOR REHEARING

The statutory basis for holding that a probated sentence is not "final" was long ago removed from our law by the Texas Legislature. Furthermore, denying the use of a conviction followed by a suspended or probated sentence is contrary to the express purposes of recidivist statutes. For these reasons, the State respectfully requests that this Court grant rehearing in this matter, hold that pursuant to Texas law a probated or suspended sentence is "final" for purposes of enhancement, and deny relief to the Applicant.

## STATEMENT OF THE CASE

In 2008, Applicant, Jeremy Wade Pue, was convicted by a jury of the third-degree felony offense of evading arrest or detention with a vehicle. Because his sentence was enhanced by two prior California felony convictions, one from 2002 and the other from 2007, the trial court sentenced Applicant to thirty years in prison as a habitual offender. Subsequently, by way of application for writ of habeas corpus, Applicant claimed that his thirty-year sentence was illegal because it had been improperly enhanced by the 2007 California conviction. *Ex parte Pue,* No. WR-85,447-01, 2018 Tex. Crim. App. LEXIS 63, at *1 (Crim. App. Feb. 28, 2018). While addressing that issue, by order dated November 1, 2017, this Court noted that further briefing would be useful and invited both parties to provide this

3

Court with legal and policy arguments as to whether, for purposes of punishment enhancement in a Texas prosecution, the "finality" of an out-of-state conviction should be determined in accordance with the law of the foreign jurisdiction or in accordance with Texas law. *Id.* at *3. Ultimately, this Court held that whether Applicant's 2007 California conviction could have been used as a punishment enhancement *in California* did not control whether it was available for use as a punishment enhancement in Applicant's Texas prosecution. This Court further held that whether a prior conviction—in-state or out-of-state—is "final" under Texas Penal Code § 12.42 is to be determined in accordance with Texas law. *Id.* at *3-4. As a result, this Court found that Applicant's sentence was improperly enhanced by the 2007 California conviction and granted relief. *Id.* at *2. However, in reaching that conclusion, this Court noted that in its supplemental briefing the State had argued that most other state and federal courts consider probated sentences to be final convictions and stated, "We have not been asked to change our longstanding Texas rule on this issue nor are we persuaded that we should do so on our own motion." *Id.* at *5.

In this motion for rehearing, the State now respectfully asks this Honorable Court to do exactly that, to find that a probated conviction is a "final" conviction under Texas law and deny relief to Applicant.

4

## *History of the View That a Suspended or Probated Sentence Is Not a Final Conviction*

As this Court recognized in its original opinion, there are numerous cases dating back almost one hundred years that seem to stand for the proposition that a probated sentence is not a "final" conviction for purposes of enhancement under Texas law. Although this proposition might seem well established and unquestionable on its face, a review of its origins reflects that the basis for this proposition ceased to exist many years ago. The earliest case cited by this Court was the 1919 opinion rendered in *Brittian v. State*, 214 S.W. 351 (Tex. Crim. App. 1919). *See Ex parte Pue*, 2018 Tex. Crim. App. LEXIS 63 at *5. However, *Brittian* cites back to a case decided the previous month, *Ex parte Coots*, 212 S.W. 173 (Tex. Crim. App. 1919).

In *Coots*, a jury had convicted the defendant of a felony and sentenced him to a term of three years in the penitentiary. *Id.* at 173. However, at the same time, the jury gave the defendant the benefit of a suspended sentence. *Id.* Three and a half years later, the defendant was charged with another felony. *Id.* The defendant was convicted and sentenced for that subsequent felony. *Id.* Additionally, when the trial court entered judgment upon the subsequent felony, the court also found that the defendant had forfeited the suspension of the sentence for the former conviction, sentenced the defendant for that offense, and cumulated that sentence

5

with the sentence imposed for the subsequent offense. *Id.* By way of a writ of habeas corpus, the defendant challenged the revocation of his suspended sentence for his first felony conviction because its term had expired prior to his commission of the second felony. *Id.* Thus, a review of the facts in *Coots* makes it clear that the use of a prior conviction for purposes of enhancement was not the issue before the Court. Instead, in *Coots*, the Court of Criminal appeals was merely asked to decide if a suspended sentence could be revoked after its term had expired. *Id.*

Although the finality of a probated sentence used for enhancement was not the issue faced by the Court in *Coots*, the Court's opinion in *Coots* does explain where the doctrine that a conviction wherein the sentence was suspended was not final originated. In the opinion, the Court explained that Article 865c, Vernon's Criminal Statutes, provided that where a suspended sentence was awarded, "neither the verdict of conviction nor the judgment entered thereon shall become final, except under the conditions and in the manner and at the time provided for by section 4 of this Act." *Id.* at 173-74. Article 865d, Vernon's Criminal Statutes further provided that:

> When sentence is suspended the judgment of the court on that subject shall be that sentence of the judgment of conviction shall be suspended during the good behavior of the defendant. By the term 'good behavior' is meant that the defendant shall not be convicted of any felony during the time of such suspension.

*Id.* at 174. Additionally, Section 4 of said act as referred to in Article 865c was found set out in Article 865e, Vernon's Criminal Statutes. It provided that:

> Upon the final conviction of the defendant of any other felony, pending the suspension of sentence, the court granting such suspension shall cause a *capias* to issue for the arrest of the defendant, if he is not then in the custody of such court, and upon the execution of a *capias*, and during a term of the court shall pronounce sentence upon the original judgment of conviction, and shall cumulate the punishment of the first with the punishment of any subsequent conviction or convictions, and in such cases no new trial shall be granted in the first conviction.

*Id.* Based on this statutory scheme, as cited by the Court in *Coots*, it becomes clear that a conviction where the sentence was suspended was not a final conviction because the legislature said so by way of a specific statute in Article 865c, Vernon's Criminal Statutes. Basically, if a defendant was convicted of another felony during the period of suspension, his suspended sentence was revoked and he forfeited all benefits of such suspension. It was only then that his conviction became "final." *Id.* at 173-74.

The State's "Suspended Sentence Law" cited by the Court in *Coots* was enacted by the Legislature[1] and unofficially codified as Articles 865b through 865i of the 1911 Code. *See* Vernon's Criminal Statutes of Texas (1916). Throughout the years, Articles 865b through 865i were revised and moved on a number of

---

[1] *See* Acts 1913, 33rd Leg., p. 8, ch. 7, *available at* http://www.lrl.state.tx.us/LASDOCS/33R /SB5/SB5_33R.pdf#page=1 .

occasions. Eventually, the "Suspended Sentence Law" became what is today

known as Article 42.12 of the Texas Code of Criminal Procedure.[2] Through those

many revisions, the Legislature eventually dropped the language found in Article

865c which stated that "neither the verdict of conviction nor the judgment entered

---

[2] This statute was first enacted by the Legislature in 1911. *See,* Acts 1911, 32nd Leg., p. 67, ch. 44. In that year, the fourth revision of our Code of Criminal Procedure was also passed, and consequently, the new law was not assigned an official place in the revised Code. In 1912, the Act was declared unconstitutional by this Court in *Snodgrass v. State,* 150 S.W. 162 (1912) and *Snodgrass v. State,* 150 S.W. 178 (1912). A substantially revised version was, therefore, reenacted a year later (Acts 1913, 33rd Leg., p. 8, ch. 7), and unofficially codified as Articles 865b through 865i of the 1911 Code. *See* Vernon's Criminal Statutes of Texas (1916). The constitutionality of this Act was upheld the same year in *Baker v. State,* 158 S.W. 998 (1913).

When the Code of Criminal Procedure was again revised in 1925, the Legislature officially codified the "Suspended Sentence Law" as Articles 776 through 781, and authorized the new Code to be published under a separate cover with the revised Penal Code. *See* Acts 1925, 39th Leg., p. 282, ch. 104, *available at* http://www.lrl.state.tx.us/LASDOCS/39R/SB382/SB382 _39R.pdf#page=12 . Article 776a was added in 1931 (Acts 1931, 42nd Leg., p. 65, ch. 43, § 4, *available at* http://www.lrl.state.tx.us/LASDOCS/42R/SB53/SB53_42R.pdf#page=21) and Articles 777 and 779 were amended in 1941. *See* Acts 1941, 47th Leg., p. 1334, ch. 602, *available at* http://www.lrl.state.tx.us/LASDOCS/47R/SB127/SB127_47R.pdf#page=13 .

In 1947, the first "Adult Probation and Parole Law" passed the Legislature, without repealing the "Suspended Sentence Law" (Acts 1947, 50th Leg., p. 1049, ch. 452, *available at* http://www.lrl.state.tx.us/LASDOCS/50R/HB120/HB120_50R.pdf#page=100), and was unofficially codified as Article 781b in Vernon's Texas Code of Criminal Procedure (1925). Section 17 of the Act was repealed in 1953. *See* Acts 1953, 53rd Leg., p. 489, ch. 175, § 2, *available at* http://www.lrl.state.tx.us/LASDOCS/53R/SB217/SB217_53R.pdf#page=11). Four years later, the "Adult Probation and Parole Law of 1957" repealed and replaced the 1947 Act, as amended, but again expressly exempted from repeal the "Suspended Sentence Law." *See* Acts 1957, 55th Leg., p. 466, ch. 226, *available at* http://www.lrl.state.tx.us/LASDOCS/55R/SB154 /SB154_55R.pdf#page=119. This statute was then codified unofficially as Article 781d of Vernon's Texas Code of Criminal Procedure (1925). The Act was then further amended in 1959. *See* Acts 1959, 56th Leg., p. 1081, ch. 492, § 1, *available at* http://www.lrl.state.tx.us/LASDOCS /56R/HB581/HB581_56R.pdf#page=11 . Finally, as a part of the current revision of the Code of Criminal Procedure, the "Adult Probation and Parole Act of 1957," as amended, was officially codified as Art. 42.12 of the Code. *See* Acts 1965, 59th Leg., vol. 2, p. 317, ch. 722, *available at* http://www.lrl.state.tx.us/LASDOCS/59R/SB107/SB107_59R.pdf#page=840 . Also at this time, the "Suspended Sentence Law" was deleted from the statutes by a general repealer section. Since 1965, Art. 42.12 has been amended by the Legislature more than 50 times.

thereon shall become final, except under the conditions and in the manner and at the time provided for by section 4 of this Act."

It is a general rule of statutory construction that when the legislature amends a particular statute and omits certain language of the former statute in its amended version, the legislature specifically intended that the omitted portion is no longer the law. Every word excluded from a statute must be presumed to have been excluded for a reason. *Morrison v. Chan*, 699 S.W.2d 205, 208 (Tex. 1985). In enacting an amendment the Legislature is presumed to have changed the law, and a construction should be adopted that gives effect to the intended change, rather than one that renders the amendment useless. *Ex parte Trahan*, 591 S.W.2d 837, 842 (Tex. Crim. App. 1979). However, although the statutory language providing that a conviction wherein the sentence is suspended in not "final" has long been omitted from the law, Texas Courts have stubbornly continued to hold that a probated judgment is not "final" and, therefore, cannot be used for purposes of enhancement.

An excellent discussion of the reasons why a probated conviction should now be considered "final" was provided by Judge Teague in his dissenting opinion in *Ex parte Renier*. 1987 Tex. Crim. App. LEXIS 742, *59-63, 734 S.W.2d 349

9

(Tex Crim. App. 1987)[3] (Teague, J., dissenting). Judge Teague noted that, under the "Suspended Sentence Law," this Court had "consistently held that there is no appeal from a suspended sentence because it is not a final judgment from which an appeal may be taken." *Id.* (citing *Lamkin v. State,* 138 Tex. Crim. 311, 136 S.W.2d 225 (1940)). Instead, a judgment became final and appealable only if and when the suspended sentence was revoked. Judge Teague explained that this procedure caused long delays between the trial of a cause and its appeal, subjecting the ultimate validity of a conviction to direct review years after it had been entered, and to considerable uncertainty during the interim. As a result, the Legislature eventually acted to remove that uncertainty when the Adult Probation and Parole Law, Art. 781b, Vernon's Texas Code of Criminal Procedure (1925), was enacted. At that time, the Legislature expressly provided that a probationer could appeal his conviction at the time he was placed on probation.

Subsequently, in *Gossett v. State,* this Court held that it was lawful for the Legislature to provide for the appeal of a conviction prior to the pronouncement or imposition of sentence. 282 S.W.2d 59 (Tex. Crim. App. 1955). Judge Teague noted that, since that opinion, no probationer had been denied the right to appeal a judgment of conviction against him upon the ground that such a conviction was

---

[3] *Superseded by statute on other grounds as stated in Ex parte Ramirez,* No. 08-13-00194-CR, 2014 Tex. App. LEXIS 499, at *5 (App.—El Paso Jan. 15, 2014).

not final until his probation had been revoked. *Renier*, 1987 Tex. Crim. App. LEXIS 742 at *60-61. However, he also recognized that in a line of cases beginning with *Fetters v. State* (1 S.W.2d 312, 313 (Tex. Crim. App. 1927)), this Court had held that a defendant's punishment could not be enhanced with a prior suspended sentence based upon the notion that an unappealable conviction was not yet final. He explained that Article 42.12, Sec. 8(b), V.A.C.C.P., and Tex.R.App.Proc. 41(b)(1), provided that a judgment of conviction was fully complete in the trial court, and thus appealable, even if the imposition of sentence had been suspended. *Id.* at *54-55. Therefore, unlike under the prior Suspended Sentence Law, the judgment of conviction was not prevented from becoming "final" in the sense contemplated by *Fetters*. He then stated, "[n]evertheless, for reasons not apparent on the face of our more recent opinions, we have continued to cite *Fetters* for the long obsolete proposition that an ordinary probationer has not yet been finally convicted." *Id.* at *63.

It is also notable that Texas is not the only state whose law has followed this pattern of evolution. It appears that the laws of Pennsylvania followed a similar progression. In *Commonwealth ex rel. Trotter v. Hendrick*, the defendant argued that the suspended sentence imposed for his earlier offense did not satisfy the strict legal definition of the word "conviction" to make him subject to a greater penalty as a second or subsequent offender. 177 A.2d 162, 163 (Pa. Super. 1962).

11

Addressing that argument, the Superior Court of Pennsylvania noted that although at common law and in present day common parlance a person is considered convicted when he enters a plea of guilt or a jury returns a guilty verdict, in many cases – including cases where punishment is being increased due to a previous conviction – something more is necessary to identify an accused as a convicted offender. The Court recognized that the purpose served by requiring something more than a plea of guilty or a verdict of guilty was to assure an accused a final determination of his guilt before he was thereafter subjected to exceptional or enhanced penalties based on such conviction. The Court also noted that earlier decisions held that this could not be accomplished when the imposition of sentence was suspended and the person placed on probation, because for many years it was the practice to quash appeals taken from suspended sentences as they were deemed to be interlocutory. However, in *Commonwealth v. Elias*, the Supreme Court of Pennsylvania recognized that an accused whose trial resulted in a suspended sentence and probation might never be able to establish his innocence, however erroneous the verdict against him might be. 149 A.2d 53, 54-55 (1959). As a result, the Supreme Court held that persons who had received a suspended sentence and been placed on probation were also to be afforded a right of appeal. *Id.* In *Commonwealth ex rel. Trotter v. Hendrick*, the Superior Court explained that, after the decision in *Commonwealth v. Elias,* an accused was

12

entitled to have the propriety of his "conviction" determined without his probation ever having been revoked. As a result, the Court concluded that the suspended sentence imposed for the defendant's earlier offense had properly been used to subject him to a greater penalty as a second or subsequent offender. *Commonwealth ex rel. Trotter v. Hendrick*, 177 A.2d 162, 163-164 (Pa. Super. 1962).

## *Purposes of the Penal Code Generally and Recidivism Statutes Specifically*

The Texas Penal Code specifically provides that its provisions "are intended, and shall be construed, to achieve the following objectives: (1) to insure the public safety through: (A) the deterrent influence of the penalties hereinafter provided; (B) the rehabilitation of those convicted of violations of this code; and (C) such punishment as may be necessary to prevent likely recurrence of criminal behavior." Tex. Penal Code § 1.02. The Texas Penal Code also provides that the rule that a penal statute is to be strictly construed does not apply to it. Instead, it specifically states that, "The provisions of this code shall be construed according to the fair import of their terms, to promote justice and effect the objectives of the code." Tex. Penal Code §1.05.

Under a recidivist statute, a sentence is "based not merely on that person's most recent offense but also on the propensities he has demonstrated over a period

13

of time during which he has been convicted of and sentenced for other crimes." *Rummel v. Estelle,* 445 U.S. 263, 284 (1980). A state with a recidivist statute is not required to treat a defendant as if an offense was his first but is entitled to place upon the defendant "the onus of one who is simply unable to bring his conduct within the social norms prescribed by the criminal law of the State." *Id.* at 284. "[The] primary goals [of a recidivist statute] are to deter repeat offenders and, at some point in the life of one who repeatedly commits criminal offenses serious enough to be punished as felonies, to segregate that person from the rest of society for an extended period of time." *Id.* Within the Texas Penal Code, there are several recidivist statutes that provide for more harsh punishments for those who have previously violated the law. *See* Tex. Penal Code §12.42 and §12.43. This Court has specifically recognized that the legislative purpose behind §12.42 is to "punish more harshly persons who repeatedly commit crime." *Jordan v. State,* 256 S.W.3d 286, 293 (Tex. Crim. App. 2008).

A defendant who has repeatedly committed felonies, pled or been found guilty of committing those crimes, and been placed on community supervision has certainly repeatedly committed crimes. The fact that such a defendant has been given the benefit of suspended or probated sentences does nothing to change the fact that they have chosen to repeatedly violate the law. Considering the objectives of the Penal Code in general and our recidivist statutes specifically, it seems

14

obvious that requiring such a suspended or probated sentences to be revoked before the defendant's convictions are considered "final" under §12.42 does not further those objectives. It would "simply beg logic and common sense to say that a person adjudicated guilty of an offense who is fined, ordered imprisoned, with execution 'suspended'. .. has not been convicted" for purposes of forming a predicate offense under the habitual offender statute. *Whiteman v. State*, 846 A.2d 239 (Del. 2004). Thus, a clear majority of the other states (and the federal system) consider convictions wherein a defendant receives a suspended or probated sentence to be "final" and allow for such convictions to be used to enhance the penalties imposed for subsequent offenses.[4]

---

[4] *See, e.g.*, **Alabama** (*Johnson v. State*, 398 So. 2d 393, 399 (Ala. Crim. App. 1981)), **Alaska** (*Shaw v. State*, 673 P.2d 781, 786 (Alaska App. 1983)), **Arizona** (*State v. Robison*, 408 P.2d 29 (1965)), **Arkansas** (*Rolark v. State*, 772 S.W.2d 588 (1989)), **California** (*People v. Banks*, 348 P.2d 102 (1959), *People v. Balderas*, 711 P.2d 480 (1985)), **Delaware** (*Wehde v. State*, 983 A.2d 82 (Del. 2009)), **Florida** (*State v. Richardson*, 915 So.2d 86 (Fla. 2005)), **Georgia** (*Bennett v. State*, 208 S.E.2d 181 (1974)), **Hawai'i** (Haw. Rev. Stat. Ann § 706-666 (West, Westlaw through 2017 1st S.S.) (commentary notes suspended sentence is immaterial)), **Indiana** (Ind. Code Ann. § 35-50-2-8 (West, Westlaw through 2017) (it appears probation does not preclude use of the Indiana "prior"conviction)), **Iowa** (*State v. Ueding*, 400 N.W.2d 550 (Iowa 1987)), **Kansas** (*State v. Robertson*, 592 P.2d 460, 463 (1979)), **Kentucky** (*Winn v. Commonwealth, Ky.*, 303 S.W.2d 275 (1957)), **Louisiana** (La. Code Crim. Proc. Ann. art. 893 (West, Westlaw through 2017 S.E.S.), **Michigan** (*People v. Funk*, 33 N.W.2d 95 (1948); *People v. Justice*, 550 N.W.2d 562, 567 (1996)), **Mississippi** (*Green v. State*, 802 So.2d 181, 183 (Miss. Ct. App. 2001) (one of two enhancement statutes does not require actual incarceration); *Davis v. State*, 5 So.3d 435, 441 (Miss. Ct. App. 2008)), **Missouri** (*State v. Whipple*, 501 S.W.3d 507, 522 (Mo. Ct. App. 2016)), **New Jersey** (*State v. McCall*, 99 A.2d 153 (App. Div. 1953), *reversed on another point*, 103 A.2d 376 (1954); N.J. Stat. Ann. § 2C:44-4 (West, Westlaw through 2017)), **New Mexico** (*State v. Larranaga*, 424 P.2d 804, 805 (1967)), **Oregon** (*State v. Glenn*, 420 P.2d 60 (1966)), **Pennsylvania** (*Com. ex rel. Trotter v. Hendrick*, 177 A.2d 162, 164 (1962)), **Rhode Island**

15

## ARGUMENTS

It is clear that the concept that a conviction followed by a suspended sentence is not "final" and, therefore, unavailable to enhance or increase the punishment for subsequent offenses is contrary to the basic purposes of recidivist statutes. Furthermore, the statutory basis for concluding that a conviction with a suspended sentence is not "final" was long ago removed by the Texas Legislature. Although Texas Courts have long failed to recognize that significant change in the law and continued to hold that a probated conviction is unavailable for purposes of enhancement, "[t]he rule of stare decisis, has but little application in criminal jurisprudence, and ought to have none when wrong and tending to overturn the plainly written law. Adjudicated error persisted in cannot make truth of that error." *Cline v. State*, 36 S.W. 1099, 1099 (Tex. Crim. App. 1896).

When the legislature amended the statutes governing suspended sentences and omitted the language of the former statute stating that, "neither the verdict of conviction nor the judgment entered thereon shall become final, except under the conditions and in the manner and at the time provided for by section 4 of this Act"

(*State v. Burke*, 811 A.2d 1158, 1167 (R.I. 2002)), **South Carolina** (*State v. Sosbee*, 637 S.E.2d 571, 574 (Ct. App. 2006); *State v. Spratt*, 2013-UP-186, 2013 WL 8508095, at *1 (S.C. Ct. App. May 8, 2013) (not designated for publication)), **South Dakota** (*Whitepipe v. Weber*, 536 F.Supp.2d 1070, 1090 (D.S.D. 2007)), **Washington** (*State v. Braithwaite*, 600 P.2d 1260 (1979), *overruled on other grounds*, 670 P.2d 256 (1983); *State v. Carlyle*, 576 P.2d 408, 412-13 (1978)), **Wisconsin** (Wis. Stat. Ann. § 939.62(2) (West, Westlaw through 2017)); *see also* **Federal System** (*Davis v. Estelle*, 502 F.2d 523, 524 (5th Cir. 1974)).

16

in its amended version, the legislature specifically intended that the omitted portion was no longer the law. *Morrison v. Chan*, 699 S.W.2d at 208. For these reasons, this Court should hold that convictions with suspended or probated sentences are "final" and may be used for purposes of enhancement.

## PRAYER FOR RELIEF

For all the foregoing reasons, the State respectfully prays that this Honorable Court grant rehearing in this matter, hold that pursuant to Texas law a probated or suspended sentence is "final" for purposes of enhancement, and deny relief to the Applicant.

Respectfully submitted,

/s/ Sammy McCrary
**SAMMY MCCRARY**
Chief Felony Prosecutor
Comal County, Texas
T.B.C. No. 90001990
150 N. Seguin Ave., Suite 307
New Braunfels, Texas 78130
(830) 221-1300
(830) 608-2008 (FAX)
Email: mccras@co.comal.tx..us
Attorney for the State

17

## CERTIFICATE OF COMPLIANCE WITH RULE 9.4

I hereby certify that this document complies with the requirements of Tex. R. App. Proc. 9.4(i)(2)(D) because there are <u>4,163</u> (a number less than 4,500) words in this document, excluding the portions of the document excepted from the word count under rule 9.4(i)(1), as calculated by the MS Word computer program used to prepare it. The document was prepared in proportionally-spaced typeface using Times New Roman 14 for text and Times New Roman 12 for footnotes.

<u>/s/ Sammy McCrary</u>
**SAMMY MCCRARY**
Chief Felony Prosecutor
Comal County, Texas

## CERTIFICATE OF SERVICE

I hereby certify that on April 16th, 2018, a true and correct copy of the foregoing Motion for Rehearing was delivered by electronic mail to:

John C. Moncure
John.Moncure@tdcj.texas.gov
P.O. Box 4005
Huntsville, TX 77342-4005
Fax: (512) 406-5960
*Attorney for Applicant*

At the forgoing email address through efile.txcourts.gov.

<u>/s/ Sammy McCrary</u>
**SAMMY MCCRARY**
Chief Felony Prosecutor
Comal County, Texas

18