

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

## No. 06-10-00137-CR

_____


RICKIE YOUNG, Appellant

V.

THE STATE OF TEXAS, Appellee



On Appeal from the 114th Judicial District Court
Smith County, Texas
Trial Court No. 114-2308-06



Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Carter

MEMORANDUM OPINION

## I.    Procedural History

Rickie Young appeals from the revocation of his community supervision for possession of a controlled substance.[1]   Young pled not true to all allegations that he violated the terms of his community supervision. After hearing the evidence, the trial court revoked Young's community supervision and sentenced him to two years' confinement, a $5,000.00 fine, and $140.00 in restitution.

Young argues the trial court abused its discretion in (1) finding six of the nine allegations true, (2) ordering payment of a $140.00 laboratory fee as restitution, and (3) assessing a $5,000.00 fine when the evidence established Young had paid part of the fine.

## II.    Standard of Review

We review a trial court's decision to revoke community supervision under an abuse of discretion standard and examine the evidence in the light most favorable to the trial court's order. *Pierce v. State*, 113 S.W.3d 431, 436 (Tex. App.—Texarkana 2003, pet. ref'd).   In a community supervision revocation hearing, the trial court is the sole trier of fact.   *Jones v. State*, 787 S.W.2d 96, 97 (Tex. App.—Houston [1st Dist.] 1990, pet. ref'd).   The trial court also determines the credibility of the witnesses and the weight to be given their testimony.   *Id*.   It may accept or reject

---

[1]This case was transferred to this Court from the Tyler Court of Appeals as part of the Texas Supreme Court's docket equalization program.   We are not aware of any conflict between the precedent of the Tyler Court and the precedent of this Court on any issue relevant in this appeal.   *See* TEX. R. APP. P. 41.3.

any or all of the witnesses' testimony. *Mattias v. State*, 731 S.W.2d 936, 940 (Tex. Crim. App. 1987).

We conclude: (1) the trial court did not abuse its discretion in revoking community supervision, (2) Young failed to timely appeal any error concerning restitution, and (3) the trial court erred in assessing a $5,000.00 fine. We modify the trial court's order revoking community supervision to reflect a fine of $4,275.00. We affirm the judgment of the trial court as modified.

## III.    Revocation of Community Supervision

Young challenges six of the nine allegations made by the State in its amended motion to revoke. He argues that the trial court erred in permitting the State to establish possession of cocaine with a field test performed by a police officer and that the State failed to establish the remaining nonfinancial allegations.

After Young was placed on community supervision, the supervision was transferred to the Dallas County Community Supervision Department. One of the conditions of Young's community supervision was "[i]f supervision of your case is transferred from Smith County, send completed, dated and signed mail-in reports to your Smith County Supervision Officer by the 15th of each month." The State alleged in the motion that Young had failed to comply with this requirement. Young's Smith County supervision officer testified that no mail-in reports were received by the Smith County Department for the months of July, August, and September 2009 and for the months of January, March, and April 2010. On cross-examination, the supervision

officer clarified that the reports for these months were not timely received. Young only sent in the reports after telephone calls or personal contact by the Community Supervision Department. This evidence is sufficient to prove Young violated one condition of his community supervision order.

A trial court does not abuse its discretion to revoke a defendant's community supervision if the State presents sufficient evidence that the defendant violated at least one term of the community supervision agreement as alleged in the State's motion to revoke. TEX. CODE CRIM. PROC. ANN. art. 42.12, § 21 (Vernon Supp. 2010) (State must prove every element of at least one ground for revocation by preponderance of evidence); *Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App. [Panel Op.] 1980); *In re T.R.S.*, 115 S.W.3d 318, 321 (Tex. App.—Texarkana 2003, no pet.). It is not necessary for this Court to consider Young's remaining arguments.

We overrule the first point of error.

## IV. Young Failed to Timely Appeal any Issue Concerning Restitution

In his second and third issues, Young argues the trial court erred in ordering Young to pay $140.00 as restitution to the State of Texas. Both Young and the State agree this award was based on a laboratory fee. Young argues laboratory fees cannot be awarded as restitution when community supervision is revoked. In the alternative, Young argues there is no evidence to support the restitution order.

The trial court imposed the restitution order in the original judgment finding that Young was guilty of possession of a controlled substance and placing Young on community supervision.

4

Although the fine was partially probated, the restitution order was not probated. Young's conditions of community supervision specified that Young was obligated to pay the full $140.00 of restitution on or before January 29, 2008.

It is well established that issues related to the original conviction are not generally cognizable on an appeal from the revocation of community supervision. *Gossett v. State*, 162 Tex. Crim. 52, 282 S.W.2d 59, 62 (1955); *King v. State*, 161 S.W.3d 264, 266 (Tex. App.—Texarkana 2005, pet. ref'd); *see Manuel v. State*, 994 S.W.2d 658, 661–62 (Tex. Crim. App. 1999) (applying general rule to deferred adjudication). Young does not allege that any exception to the general rule applies in this case. *See Nix v. State*, 65 S.W.3d 664, 667 (Tex. Crim. App. 2001); *cf. Jordan v. State*, 54 S.W.3d 783, 785 (Tex. Crim. App. 2001). "An appeal from an order revoking community supervision is limited to the propriety of the revocation." *Stafford v. State*, 63 S.W.3d 502, 511 (Tex. App.—Texarkana 2001, pet. ref'd). The time for appeal begins when the sentence is imposed or suspended in open court.[2] *Coffey v. State*, 979 S.W.2d 326, 328 (Tex. Crim. App. 1998) (concluding fine which had not been probated was properly included in judgment revoking probation). Any error in the restitution order should have been appealed when Young was convicted and placed on community supervision. Young's second and third points of error are overruled.

---

[2]Further, the Tyler Court of Appeals has held an error in a restitution order does not result in an illegal sentence. *See Grindele v. State*, No. 12-06-00168-CR, 2007 Tex. App. LEXIS 5198 (Tex. App.—Tyler June 29, 2007, pet. ref'd) (mem. op.). Because this case was transferred from the Tyler Court of Appeals, we are obligated to decide the case in accordance with the precedent of the transferor court. TEX. R. APP. P. 41.3. The error, if any, did not result in an illegal sentence.

**V.     Assessment of a $5,000.00 Fine**

In his final point of error, Young complains that the trial court erred in signing a written judgment including a $5,000.00 fine.   The trial court orally pronounced the fine as "the balance of the $5,000 fine."

"A defendant's sentence must be pronounced orally in his presence."   *Taylor v. State*, 131 S.W.3d 497, 500 (Tex. Crim. App. 2004).   Where there is a variation between the oral pronouncement of sentence and the written judgment, the oral pronouncement controls. *Thompson v. State*, 108 S.W.3d 287, 290 (Tex. Crim. App. 2003); *Coffey*, 979 S.W.2d at 328; *see Ex parte Thompson*, 273 S.W.3d 177, 178 n.3 (Tex. Crim. App. 2008).   "The judgment, including the sentence assessed, is just the written declaration and embodiment of that oral pronouncement." *Taylor*, 131 S.W.3d at 500.   Due process prohibits the trial court from orally pronouncing a sentence and then later, without notice or hearing, entering a written judgment imposing a harsher sentence.   *Ex parte Madding*, 70 S.W.3d 131, 136–37 (Tex. Crim. App. 2002).

The State concedes "the judgment of conviction incorrectly shows on its face that a full $5,000 fine was assessed with no mention of paying the remaining balance."   La'Mia Upshaw, Young's Smith County supervision officer, testified Young had been on community supervision for thirty-two months.   Young was required to pay $25.00 a month on his fine.[3]   Upshaw testified

---

[3]The trial court suspended $4,000.00 of Young's fine when Young was placed on community supervision.

6

Young was currently $75.00 delinquent on his fine.[4]   Thus, based on the evidence presented at the hearing, Young paid a total of $725.00 toward his fine.   We have the authority to modify the judgment to make the record speak the truth when the matter has been called to our attention by any source.   TEX. R. APP. P. 43.2; *French v. State*, 830 S.W.2d 607, 609 (Tex. Crim. App. 1992); *Rhoten v. State*, 299 S.W.3d 349, 356 (Tex. App.—Texarkana 2009, no pet.).   We modify the trial court's judgment to reflect a fine of $4,275.00.

## VI.   Conclusion

The trial court did not abuse its discretion in revoking Young's community supervision. Any error concerning the restitution order has not been timely appealed.   The trial court erred in signing a written judgment assessing a $5,000.00 fine when the trial court's oral pronouncement was the "balance of the $5,000" fine.   We modify the judgment to reflect a fine of $4,275.00, as the balance of the fine, and affirm as modified.


Jack Carter
Justice


Date Submitted:        February 9, 2011
Date Decided:          March 2, 2011

Do Not Publish

---

[4]We note that Young argued he was only one month behind on his payments because he was in jail for the months of April and May.   We also note that a number of Young's payments were not made timely.