**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-22-00029-CR**
_____

**RONALD DAVID PIAZZA, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

_____

**On Appeal from the 163rd District Court**
**Orange County, Texas**
**Trial Cause No. B190257-R**
_____

**MEMORANDUM OPINION**

In 2019, a grand jury indicted Appellant Ronald David Piazza on one count of felony possession of a controlled substance, namely methamphetamine. *See* Tex. Health & Safety Code Ann. § 481.115. Piazza pleaded guilty and waived his right to a jury trial. The trial court assessed punishment at ten years' imprisonment, imposed a fine of $1500, ordered restitution of $100, suspended the sentence, and placed Piazza on community supervision for five years.

1

In 2021, the State filed a motion to revoke and alleged that Piazza had violated twelve terms of his community supervision, including failure to abstain from the use or possession of alcohol or drugs; failure to successfully complete an intensive outpatient program; and failure to pay certain fees, a fine, and restitution. The State also alleged that Piazza refused to enter the Substance Abuse Felony Punishment Facility as provided in the terms of his community supervision. In a 2022 hearing on the motion to revoke, Piazza pleaded "true" to alleged violations of ten of the terms of his community supervision, and he admitted to using methamphetamine while on community supervision. After hearing evidence, the court accepted Piazza's plea of "true," revoked Piazza's community supervision, and sentenced Piazza to ten years' confinement. The court also ordered Piazza to pay all fines, fees, and restitution previously ordered but that had not been paid.

Piazza's appointed counsel filed a brief that presents counsel's professional evaluation of the record and concludes the appeal is without merit and that there are no arguable grounds for reversal. *See Anders v. California*, 386 U.S. 738 (1967); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978). We granted an extension of time for Piazza to file a pro se brief, and Piazza did not file a pro se brief.

Upon receiving an *Anders* brief, this Court must conduct a full examination of the record of all the proceedings to determine whether the appeal is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80 (1988) (citing *Anders*, 386 U.S. at 744).

2

We have reviewed the entire appellate record and counsel's brief, and we have found nothing that would arguably support the appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 827-28 (Tex. Crim. App. 2005) ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirements of Texas Rule of Appellate Procedure 47.1."); *see also Tapia v. State*, 462 S.W.3d 29, 31 n.2 (Tex. Crim. App. 2015) ("A plea of true, standing alone, is sufficient to support the revocation of community supervision and adjudicate guilt."). Therefore, we find it unnecessary to order appointment of new counsel to re-brief the appeal. *Cf. Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991).

Nevertheless, we modify the Judgment Revoking Community Supervision[1] to delete the imposition of $100 in restitution because at the 2019 sentencing hearing, the trial court did not orally pronounce an order of restitution.

---

[1] The 2019 Judgment of Conviction sentenced Piazza to ten years' confinement, restitution of $100, a fine of $1500, and court costs of $1733.68, and it also suspended the sentence and placed Piazza on five years of community supervision. The terms of Piazza's community supervision included the following:

> [] Pay restitution of $100.00 to the *Jefferson County Regional Crime Lab, c/o Orange County Treasurer's Office, 123 South 6th Street, Orange, Texas.* This amount is to be paid in full by January 10, 2020. You must provide receipt of said payment to your Supervision Officer[.]

At the 2022 hearing on the motion to revoke, the trial court found the evidence sufficient to support the State's allegations, and orally pronounced punishment at 10

Due Process requires that a defendant receive fair notice of all the terms of his sentence, which must be orally pronounced in his presence. *See* Tex. Code Crim. Proc. Ann. art. 42.03 § 1(a); *Burt v. State*, 445 S.W.3d 752, 757 (Tex. Crim. App. 2014). The written judgment, including the sentence assessed, is merely the written declaration and embodiment of that oral pronouncement. *Taylor v. State*, 131 S.W.3d 497, 500 (Tex. Crim. App. 2004). Generally, when the oral pronouncement of sentence and the written judgment vary, the oral pronouncement controls. *Id.*; *Ex parte Madding*, 70 S.W.3d 131, 135 (Tex. Crim. App. 2002); *see also Ette v. State*, 559 S.W.3d 511, 516-17 (Tex. Crim. App. 2018) ("[W]e have held the oral pronouncement to control when the conflict concerned an aspect of punishment within the trial court's authority to alter[.]").

Restitution is punishment, and it must be included in the trial court's oral pronouncement of sentence to be properly included in the written judgment. *Ex parte Cavazos*, 203 S.W.3d 333, 338 (Tex. Crim. App. 2006) (explaining that restitution is punishment); *Taylor*, 131 S.W.3d at 500 ("A defendant's sentence must be pronounced orally in his presence."). Therefore, the assessment of restitution should be orally pronounced in open court in the presence of the defendant. *Pruitt v. State*,

---

years confinement in the Texas Department of Corrections Institutional Division, along with any and all prior fines, fees, and restitution that were previously ordered and have not been paid.

The Judgment Revoking Community Supervision states in relevant part "Restitution: $100.00 (old)[.]"

4

No. 09-21-00151-CR, 2022 Tex. App. LEXIS 7528, at **4-5 (Tex. App.—Beaumont Oct. 12, 2022, no pet. h.) (mem. op., not designated for publication); *Johnson v. State*, No. 05-19-00155-CR, 2020 Tex. App. LEXIS 767, *2 (Tex. App.—Dallas Jan. 28, 2020, no pet.) (mem. op.) (not designated for publication); *Brown v. State*, No. 2-08-063-CR, 2009 Tex. App. LEXIS 5155, at *6 (Tex. App.—Fort Worth July 2, 2009, no pet.) (mem. op., not designated for publication).

If an order of restitution is not orally pronounced but later appears in a written judgment, the defendant may be entitled to have the restitution order deleted from the judgment. *Burt*, 445 S.W.3d at 760; *see also Taylor*, 131 S.W.3d at 500, 502 (explaining that the court of appeals was correct to modify the judgment to delete the fine from the written judgment where the trial court judge did not orally assess a fine as part of the defendant's sentence).

Our appellate record shows that Piazza did not appeal from his 2019 Judgment of Conviction that placed him on supervision. It is well established that issues related to the original conviction are not generally cognizable on an appeal from the revocation of community supervision. *Gossett v. State*, 282 S.W.2d 59, 62 (Tex. Crim. App. 1955); *King v. State*, 161 S.W.3d 264, 266 (Tex. App.—Texarkana 2005, pet. ref'd); *see also Manuel v. State*, 994 S.W.2d 658, 661-62 (Tex. Crim. App. 1999) (applying general rule to deferred adjudication). "An appeal from an order revoking community supervision is limited to the propriety of the revocation." *Stafford v.*

*State*, 63 S.W.3d 502, 511 (Tex. App.—Texarkana 2001, pet. ref'd). The time for appeal begins when the sentence is imposed or suspended in open court. *Coffey v. State*, 979 S.W.2d 326, 328 (Tex. Crim. App. 1998) (concluding fine which had not been probated was properly included in judgment revoking probation). As a general rule, an attack on the original conviction in an appeal from revocation proceedings is a collateral attack and is not allowed. *Wright v. State*, 506 S.W.3d 478, 481 (Tex. Crim. App. 2016). Therefore, any error in the 2019 Judgment of Conviction, including the order of restitution, should have been appealed when Piazza was convicted and placed on community supervision. *See Garcia v. State*, No. PD-0025-21, 2022 Tex. Crim. App. LEXIS 129, at *1, **10-11 (Tex. Crim. App. Mar. 2, 2022) (explaining that a challenge to a restitution order is forfeited if not objected to at trial).

That said, we conclude that the Judgment Revoking Community Supervision should be modified because it continues the error in the original 2019 Judgment of Conviction. *See Burt*, 445 S.W.3d at 759-60 (explaining where restitution was not orally pronounced but is included in the written judgment, "the defendant was entitled to have the restitution order deleted because the written judgment did not match the oral pronouncement of sentence[]")[2]; *see also* Tex. R. App. P. 43.2(b) (A

_____

[2] Citing *Alexander v. State*, 301 S.W.3d 361, 364 (Tex. App.—Fort Worth 2009, no pet.) (deleting the order of restitution from the judgment and affirming as modified "[b]ecause the requirement that Alexander pay $10,311.25 in restitution is

6

court of appeals may modify the trial court's judgment and affirm it as modified.).

Accordingly, we modify the first page of the trial court's Judgment Revoking Community Supervision to delete "$100.00" in restitution and reflect a restitution amount of "$0[.]" On the second page of the judgment, where the trial court lists its findings of the terms of community supervision that Piazza violated, we delete the following: "Condition (38): The defendant failed to pay Jefferson County Regional Crime Lab as directed by the Court[.]"[3]

---

punishment and part of his sentence in the judgment adjudicating his guilt, it must have been included in the trial court's oral pronouncement of sentence to be properly included in the written judgment[]"); *Jones v. State*, No. 12-10-00001-CR, 2011 Tex. App. LEXIS 524, at *5 (Tex. App.—Tyler Jan. 26, 2011, no pet.) (mem. op., not designated for publication) ("As a general rule, when the trial court orders restitution in its written judgment, but not its oral pronouncement of judgment, the oral pronouncement controls, and the appropriate remedy is to modify the judgment and delete the restitution order."); *Toler v. State*, No. 02-10-00033-CR, 2010 Tex. App. LEXIS 10112, at *3 (Tex. App.—Fort Worth Dec. 23, 2010, no pet.) (mem. op., not designated for publication) ("Because the trial court did not include restitution in its oral pronouncement of Toler's sentence, the court could not assess restitution in its written judgment.").

[3] Piazza pleaded "true" to multiple alleged violations of the terms of his community supervision. Proof of only one violation of the terms of community supervision is sufficient to support revocation. *See O'Neal v. State*, 623 S.W.2d 660, 661 (Tex. Crim. App. 1981). Therefore, we need not remand this case to the trial court for re-briefing.

We affirm the trial court's judgment as modified.[4]

AFFIRMED AS MODIFIED.

_____
LEANNE JOHNSON
Justice

Submitted on November 4, 2022
Opinion Delivered November 16, 2022
Do Not Publish

Before Kreger, Horton and Johnson, JJ.

---

[4] Piazza may challenge our decision in this case by filing a petition for discretionary review. *See* Tex. R. App. P. 68.